**COON, Appellee,**

**v.**

**BARNES et al., Appellants.**

[Cite as *Coon v. Barnes* (1994), 95 Ohio App.3d 349.]

Court of Appeals of Ohio,
Seneca County.

No. 13-94-13.

Decided July 20, 1994.

*Randall S. Bendure*, for appellee.

*Bonford R. Talbert*, for appellants.

---

THOMAS F. BRYANT, Judge.

This is an appeal from a decision entered in the Common Pleas Court of Seneca County granting summary judgment in favor of plaintiff-appellee, Ronald L. Coon, and against defendants-appellants, James Barnes and Amy Barnes.

This action was commenced upon the filing of a complaint by appellee, Ronald L. Coon ("Coon"), for "encroachment and injunction." Coon alleges that James Barnes and Amy Barnes ("Barnes") have constructed a foundation and frame for a dwelling which extends onto property owned by Coon. Coon sought an injunction ordering Barnes to remove the structure and damages for the injuries caused him by construction of the encroachment and from being denied the use of his property.

Barnes filed a counterclaim seeking specific performance of an oral contract allegedly entered into between Barnes and Coon for purchase of the property at issue, damages allegedly due to Coon's interference with construction of the dwelling, and damages for assault allegedly perpetrated upon Barnes by Coon's agent.

The trial court granted summary judgment in favor of Coon on his complaint and on the counterclaim filed against him by Barnes. The court further ordered that the responses of Barnes to Coon's request for admissions be stricken as

untimely filed. Barnes now appeal the granting of summary judgment in favor of Coon.

As we must, we address *sua sponte* the issue of whether the order appealed from is final and appealable. For the reasons which follow, we hold that it is not a final appealable order and, therefore, this court has no jurisdiction to address the appeal.

R.C. 2505.02 addresses the finality of orders and provides:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

The case *sub judice* involves an injunction. Civ.R. 65(D) provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * * *."

The order from which appeal is taken in this case does not meet the requirements of Civ.R. 65(D). One reading a court's order " 'should be able to ascertain from the document itself exactly what conduct is proscribed.' " *Planned Parenthood Assn. of Cincinnati v. Project Jericho* (1990), 52 Ohio St.3d 56, 60, 556 N.E.2d 157, 162 (quoting 11 Wright & Miller, Federal Practice & Procedure [1973] 536–537, Section 2955; and citing *Superior Sav. Assn. v. Cleveland Council of Unemployed Workers* [1986], 27 Ohio App.3d 344, 348, 27 OBR 402, 406, 501 N.E.2d 91, 95). In this case, the court simply granted summary judgment in favor of Coon without providing any remedy establishing the respective rights and obligations of the parties to permit compliance or enforcement.

The requirements for establishing a final appealable order have been clearly set forth by the Supreme Court of Ohio:

" 'If * * * [the trial court's order] lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such * * *.' " *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 126, 543 N.E.2d 1200, 1202 (quoting *Bellaire City Schools Bd. of Edn. v. Paxton* [1979], 59 Ohio St.2d 65, 69–70, 13 O.O.3d 58, 60–61, 391 N.E.2d 1021, 1024).

The order in this case does not determine the action for the trial court must still set forth the rights and obligations of the parties with respect to its judgment in favor of Coon and it must yet fashion a remedy.

Having found that the order from which appeal is taken is not final and appealable, we dismiss this action and remand it to the trial court for further proceedings.

*Appeal dismissed.*

EVANS and HADLEY, JJ., concur.