HOSTA et al., Appellants,

v.

CHRYSLER et al., Appellees.

[Cite as *Hosta v. Chrysler,* 172 Ohio App.3d 654, 2007-Ohio-4205.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2007 CA 26.

Decided Aug. 17, 2007.

Ronald J. Kozar, for appellants.

Michael J. Johrendt, for appellees.

WOLFF, Presiding Judge.

{¶ 1} Elizabeth Hosta, Susan Chrysler, Roy Baker, and Marion Brooks ("plaintiffs") appeal from a decision of the Greene County Court of Common Pleas, which denied their motion to enforce an injunction issued during the pendency of their case against Jack Chrysler and William Chrysler ("defendants"). For the following reasons, the decision is reversed, and the cause is remanded for further proceedings.

{¶ 2} Upon review of the record, the relevant history of this litigation is as follows.

{¶ 3} The parties are purported shareholders or directors of Kil–Kare, Inc., a corporation that operates a racetrack in Xenia, Ohio. Until suffering a stroke in April 2005, Richard Chrysler had effective control of a majority of Kil–Kare's shares, giving him control of the company. At that time, the board of directors consisted of Elizabeth Hosta, Roy Baker, Marion Brooks, Richard Chrysler, and

William Chrysler ("the original board"). After Richard became incapacitated, a dispute arose between Richard's daughters, Elizabeth Hosta and Susan Chrysler, and two of his sons, Jack Chrysler and William Chrysler, over the control of various shares and the company's management. According to plaintiffs, on October 25, 2005, Jack and William used proxies obtained from Richard at his nursing home to elect a new board of directors consisting of Jack Chrysler; William Chrysler; Ken Sheets, their attorney; and Rick Chrysler, another brother ("the new board"). Plaintiffs alleged that this election was held without summoning a shareholders' meeting as required by Kil–Kare's bylaws.

{¶ 4} On November 8, 2005, plaintiffs brought suit against defendants, alleging that Jack had obtained a proxy to vote Richard's shares through undue influence, that William was improperly taking cash from the business, and that the two had tried to oust Hosta, Baker, and Brooks from the board of directors and to change the corporation's bylaws in a way that would allow the brothers to run the company without interference from others. Plaintiffs sought an accounting of the business and an injunction preserving the status quo and prohibiting William and Jack from altering the shareholders, directors, officers, vendors, and contractors of Kil–Kare. By an amended complaint, plaintiffs added claims for conversion, breach of fiduciary duty, civil conspiracy, wrongful termination and breach of fiduciary duty arising out of the termination of Hosta's employment, and specific performance to pay certain bills for legal services. Plaintiffs also requested a declaratory judgment that (1) Hosta is the owner of 30 shares of Kil–Kare stock, (2) Hosta, Baker, and Brooks are the rightful directors of the company, (3) Jack does not have the ability to lawfully exercise voting rights associated with any shares of Kil–Kare, and (4) William does not have the ability to lawfully exercise any powers as an officer of Kil–Kare. Defendants brought counterclaims against Hosta for conversion and defamation.

{¶ 5} In November 2005, the parties agreed to preserve the status quo pending a determination of the permanent relief requested in the complaint. The agreed preliminary injunction provided:

{¶ 6} "By agreement of the parties, it is ordered that the parties are enjoined from (a) engaging in any acts to change the lineup of shareholders, directors, officers, venders, or (b) from using money or assets of Kil–Kare, Inc. for the payment of any bills or expenses (including but not limited to bills, expenses, or attorney fees relating to this litigation) other than in the ordinary course of business without prior approval of the plaintiffs' counsel, (c) from using money or assets being held in trust for the benefit of either Richard Chrysler or the five children of Richard Chrysler for the payment of any bills, expenses, or attorney fees relating to this litigation, (d) from changing any bylaws, regulations, or articles of incorporation of Kil–Kare, Inc. In addition, the plaintiffs shall not

enter upon any properties owned by Kil–Kare. In addition, the defendants shall facilitate the production, as soon as reasonably practical and at a specific time and place to be worked out between counsel, of all financial and other books and records of Kil–Kare, Inc. for inspection by an accounting professional or other person of the plaintiffs' choosing.

{¶ 7} "This order shall remain in place until further order of the court upon motion. Bond is waived."[1]

{¶ 8} On November 9, 2005, the trial court approved the agreed preliminary injunction as an order of the court. (Due to an apparent oversight, a copy of the injunction was not filed until March 27, 2006.)

{¶ 9} On February 2, 2006, defendants filed a motion to lift the agreed preliminary injunction, which they referred to as a temporary restraining order. Plaintiffs opposed the motion and requested to be reinstated as directors pending a final adjudication of the case. The magistrate held a hearing on these (and other) motions on March 3, 2006. On April 10, 2006, the magistrate denied the motion, indicating that the agreed preliminary injunction "keeps the status quo until further order of the Court." The magistrate found no evidence that the injunction would harm defendants if the agreement were not terminated and noted that they were free to operate the business. He indicated that the court would consider deleting the requirement that defendants not change vendors, upon motion, if the requirement caused a problem with Kil–Kare's operation. Defendants filed objections to the ruling, which were subsequently overruled.

{¶ 10} On April 14, 2006, defendants moved to amend the preliminary injunction. The motion requested permission to approve the transfer of stock from the estate of a shareholder to Jack Chrysler and William Chrysler (one share each), to hold the annual meeting of shareholders and to transact any business which was appropriate before that meeting, and to remove the restriction on changing vendors of the company. Plaintiffs opposed the motion. We find no indication that the court addressed this motion, and we presume it was overruled.

{¶ 11} On May 17, 2006, plaintiffs filed a motion for partial summary judgment, seeking an order declaring that the board of directors consisted of the original board. Defendants also sought summary judgment on that claim and on Hosta's claim that she owned 30 shares of Kil–Kare stock.[2] Defendants argued that plaintiffs failed to present evidence to support their assertion that the new board

---

1. The terms of the agreed preliminary injunction were reached by handwritten modifications to a document apparently prepared by plaintiffs' attorney. The version submitted to and approved by the court contains the written additions and deletions.

2. Defendants filed several motions for partial summary judgment. However, for purposes of this appeal, we need not discuss motions addressed to plaintiffs' other claims in detail.

was not properly elected. In a surreply, defendants further argued that the original board could not be restored because the board members' one-year term expired in January 2006.

{¶ 12} While the motions for partial summary judgment remained pending, Jack Chrysler, as secretary for Kil–Kare, issued a notice for an annual shareholders' meeting scheduled for July 31, 2006. The notice indicated that the purpose of the meeting was to elect a board of directors, to deliver a financial report for the corporation, to deliver a report on the pending litigation, and to transact any other necessary business. The notice further proposed Richard, Jack, William, Rick, and Sheets as the board of directors, and indicated that this slate would take office upon the lifting of the preliminary injunction. In response, on July 19, 2006, plaintiffs filed a motion for clarification of the existing injunction and for a temporary restraining order to prevent defendants from holding a shareholders' meeting until after trial, which was scheduled for August 23, 2006.

{¶ 13} On July 21, 2006, the trial court granted plaintiffs' motion for partial summary judgment on their request for a declaratory judgment that the original board was the valid board of directors of Kil–Kare. The court noted that Jack Chrysler had admitted that no notice had been sent to shareholders regarding the October 25, 2005 meeting to elect a new board of directors. The court concluded that it was "clear" that the new directors were elected without proper notice to shareholders and that the election of the new directors was invalid. As for a remedy, the court stated:

{¶ 14} "The next step for the Court is to fashion a remedy that minimizes the disruption of the day to day present operation of Kil–Kare, Inc. The one year term for the *old directors* has expired. Presently, the Court has granted injunctive relief and ordered the *new directors* to stay in place until further notice. A dramatic change back to the *old directors* pending an election could have an adverse [e]ffect on the corporation. Accordingly, the Court Orders that the Agreed Preliminary Injunction shall remain in effect until a meeting, with proper notice, can be held and a new board of directors elected. To accomplish this, the Court shall set a conference with counsel to discuss how to facilitate the mechanics of this goal." (Emphasis sic and footnote omitted.)

{¶ 15} The trial court further noted that in order to have a valid election, the court must make a determination of the validity of the irrevocable proxies signed by Richard Chrysler and naming William Chrysler to vote his shares of stock. The court determined that a hearing was necessary to resolve the issue of the proxies' validity, and it scheduled a hearing before the magistrate.

{¶ 16} On the same day, the trial court overruled plaintiffs' motion for a temporary restraining order. The court stated: "Based upon this Court's Judgment Entry filed July 21, 2006, finding that the election of the board of

directors on October 25, 2006 [sic], was invalid, Plaintiffs' Motion is moot. There can be no election of new directors until this Court rules on the validity of the proxies given to William Chrysler and a conference is held to discuss the mechanics of the election."

{¶ 17} On August 11, 2006, the magistrate ruled on the parties' motions regarding the validity of the proxies. The magistrate began by noting that the trial court had held that the new board was improperly elected and that "the Court Ordered Agreed Preliminary Injunction originally filed in this case would remain in effect until a meeting of the shareholders could be held and a new board elected." The magistrate determined that it could not determine by summary judgment whether the proxies were valid. The magistrate further overruled defendants' motion for summary judgment on whether Hosta owned 30 shares of stock. The trial court subsequently adopted the magistrate's ruling over defendants' objections.

{¶ 18} After the magistrate's ruling, the parties submitted pretrial statements. In plaintiffs' pretrial statement, plaintiffs reiterated that the trial court had determined, by summary judgment, that the old board's ouster was wrongful, "though the court went on to rule that the defendants' purported board should be permitted to act as the board pending trial." Plaintiffs stated: **"At trial, the court will need to decide who the board of directors shall be pending the next shareholders' meeting."** (Emphasis sic.)

{¶ 19} On August 16, 2006, the parties jointly filed a notice of partial dismissal, which dismissed plaintiffs' claims for conversion, breach of fiduciary duty, civil conspiracy, and wrongful termination, and both of defendants' counterclaims. On August 23, 2006, plaintiffs dismissed their claim for specific performance. Accordingly, at trial, the only remaining issue was the parties' rights to vote certain shares.

{¶ 20} A trial was held before the magistrate on August 24, 2006. After the trial, plaintiffs filed proposed findings of fact and conclusions of law. Plaintiffs sought a judgment that declared Hosta the owner of record of 30 shares of Kil–Kare stock and ordered that the preliminary injunction entered in November 2005 remain in place pending the election of a new board of directors at a shareholders' meeting to be held on November 1, 2006. The proposed judgment further specified that the shareholders should receive three weeks written notice of the meeting and indicated which individuals, if any, should be able to vote the remaining disputed shares.

{¶ 21} On November 3, 2006, the magistrate dismissed Hosta's claims regarding the 30 shares of Kil–Kare stock on the ground that Richard Chrysler, an indispensable party, was not a party to the litigation. The magistrate further resolved the issue as to which individuals, if any, could vote the shares in the

Richard Chrysler Trust, the Barbara Chrysler Trust, and the stock held by Gilbert Trailer Rental, Inc. The magistrate found that the proxies were invalid and had no legal effect. The magistrate concluded, stating, "The matter of which parties can vote specific blocks of Kil–Kare, Inc. stock having been determined by this Court, the Corporation is free to hold an election to determine the next board of directors, consistent with this decision."

{¶ 22} No one filed objections to the magistrate's ruling. Accordingly, on November 21, 2006, the trial court adopted the decision as its own.

{¶ 23} On December 19, 2006, plaintiffs filed a second lawsuit seeking a resolution of whether Hosta or Richard Chrysler owned the disputed 30 shares of Kil–Kare stock. *Baker v. Chrysler,* Greene Case No. 2006–CV–1158. Because that action remains pending, no shareholders' meeting has been held.

{¶ 24} On February 21, 2007, plaintiffs filed a motion to enforce the agreed preliminary injunction and to require defendants to show cause why they should not be held in contempt for violating its terms. Plaintiffs indicated that defendants terminated the contract with Brooks Racing Tires and fired Whalen and Company as Kil–Kare's outside accountants. On March 12, 2007, the trial court overruled the motion, reasoning:

{¶ 25} "On November 3, 2006, the Magistrate issued a decision that was adopted by this Court on November 21, 2006. This was a final judgment terminating the case. The Court has no subject matter jurisdiction to take further action." The court relied upon *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100, to support its conclusion that it lacked jurisdiction.

{¶ 26} On March 14, 2007, plaintiffs sought reconsideration of the denial of their motion to enforce the injunction. However, prior to a ruling on the motion for reconsideration, they filed a notice of appeal from the March 12, 2007 decision.

{¶ 27} In their sole assignment of error, plaintiffs assert that the trial court erred in concluding that it lacked subject matter jurisdiction to enforce its injunction.

{¶ 28} The central issue on appeal is the proper characterization of the trial court's injunction. Plaintiffs argue that the agreed preliminary injunction was adopted as a permanent injunction in the court's July 21, 2006 decision. Plaintiffs state that nothing in the November 21, 2006 decision altered or terminated the injunction.

{¶ 29} Defendants argue that this appeal "is nothing more than an impermissible collateral attack on a final judgment from which Plaintiffs failed to pursue a timely appeal." They state that they had agreed to a preliminary—not permanent—injunction, which terminated with the adoption of the magistrate's Novem-

ber 3, 2006 decision. Defendants argue that the November 21, 2006 ruling was the sole final judgment in this case and that plaintiffs failed to object to that ruling. Defendants emphasize that the magistrate did not recommend granting a permanent injunction despite plaintiffs' request for that relief in their proposed findings of fact and conclusions of law. They assert that because the preliminary injunction was a temporary order that terminated with the November 21, 2006 final judgment, the court lacked jurisdiction to enforce the order when plaintiffs filed their motion to enforce.

{¶ 30} As an initial matter, we find the trial court's reliance upon *Rice* to be misplaced. In *Rice*, the plaintiff sought to enjoin the city of Westlake from interfering with the maintenance of a fence that he had erected. Upon Westlake's motion, the trial court dismissed the complaint with prejudice. The dismissal was affirmed on appeal. Later, Westlake requested the trial court to hold Rice in contempt of the court's order. After a hearing, the trial court ordered Rice to remove the fence or to allow Westlake to remove it at his expense. Rice filed a complaint for a writ of prohibition preventing the court from taking any further action except to vacate the contempt order. The Supreme Court allowed the writ, noting that "a judge loses his authority to proceed in a matter when he unconditionally dismisses it." Here, the trial court was not asked to enforce an injunction after the dismissal of the action. Rather, plaintiffs requested enforcement of an injunction after the court had entered a final judgment. *Rice* is thus inapposite.

{¶ 31} "The purpose of a preliminary injunction is to preserve and protect the ability of the court to provide an effective judgment on the merits." *Pidgeon v. Ramar Land Corp.* (1991), 62 Ohio Misc.2d 223, 226, 597 N.E.2d 562; see *Consun Food Industries, Inc. v. Fowkes* (1991), 81 Ohio App.3d 63, 69, 610 N.E.2d 463 ("The function of a preliminary injunction is just this—to maintain the status quo pending trial"). Unlike permanent injunctions, a preliminary injunction is not intended as a remedy for a litigant on the merits of a claim. Id. "Preliminary injunctions by their very nature are interlocutory, tentative, and impermanent; they are generally regarded as being superseded by a final judgment that is rendered on the merits in the underlying controversy." *Burns v. Daily* (1996), 114 Ohio App.3d 693, 708, 683 N.E.2d 1164, citing *Ameron, Inc. v. United States Army Corps of Engineers* (D.N.J.1985), 610 F.Supp. 750, 757, affirmed as modified (C.A.3, 1986), 787 F.2d 875. Consequently, preliminary injunctions are not enforceable after final judgment has been entered. *Burns,* 114 Ohio App.3d at 708, 683 N.E.2d 1164.

{¶ 32} When a permanent injunction has been issued by the trial court on the merits of a claim, the court has continuing jurisdiction to enforce the injunction. Civ.R. 65(C); see *Am. Motors Corp. v. Huffstutler* (1991), 61 Ohio

St.3d 343, 575 N.E.2d 116 (trial court "can continue to exercise supervisory authority over [attorney's] compliance with the [permanent] injunction"); *State ex rel. Bruns Coal Co. v. Compton* (1953), 96 Ohio App. 541, 55 O.O. 127, 123 N.E.2d 43. A permanent injunction may be enforced as an act of the court and disobedience of the order may be punished as contempt. R.C. 2727.11; R.C. 2727.12; see *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870 (court has authority under R.C. 2705.02(A) and its inherent authority to punish disobedience of its orders with contempt proceedings). The permanent injunction may be enforced by motion without the necessity of an independent action. Civ.R. 65(C).

{¶ 33} Whether the trial court had jurisdiction to enforce the terms of the agreed preliminary injunction depends on whether the court issued only a preliminary injunction, which terminated with the trial court's November 21, 2006 final entry, or a permanent injunction, which continued to be in effect at the time of plaintiffs' motion to enforce.

{¶ 34} The parties originally agreed to enter into a preliminary injunction only. On July 21, 2006, however, the trial court ruled upon plaintiffs' motion for partial summary judgment on whether the new board had been validly elected. The trial court granted plaintiffs' motion and determined that the new board was invalid. Moreover, it "fashioned a remedy" for this claim by ordering that the agreed preliminary injunction "remain in effect until a meeting, with proper notice, can be held and a new board of directors elected." By this order, the trial court addressed the merits of plaintiffs' claim regarding the validity of the new board and granted plaintiffs injunctive relief, albeit not reinstatement. Because the court adopted the terms of the agreed preliminary injunction as a remedy for plaintiffs on the merits of their claim, the only reasonable characterization of the July 21, 2006 order is one granting a permanent injunction that would terminate when the shareholders' meeting was held. This order was intended to survive until a proper shareholders' meeting occurred, regardless of when the parties' other claims were adjudicated.

{¶ 35} Defendants argue that the magistrate never recommended a permanent injunction after trial. At the outset, we note that although no hearing or trial was held on which board of directors was the valid board, no trial was necessary because there were no disputed factual issues. Accordingly, the trial court's imposition of a permanent injunction without a hearing, based on its grant of summary judgment in plaintiffs' favor, was permissible. See *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP* (C.A.6, 2005), 423 F.3d 539, 546.

{¶ 36} More significantly, the August 2006 trial was limited to the issue of which individuals could vote specific blocks of Kil–Kare stock. The issue of whether the new board had been properly elected had already been resolved by

summary judgment, and the parties had voluntarily dismissed the remaining claims and counterclaims. Accordingly, the magistrate was free to confine himself to the ownership of the 30 shares of Kil–Kare stock claimed by Hosta, the validity of the proxies signed by Richard Chrysler, and the power to vote shares of Kil–Kare stock held by Gilbert Trailer Rental.

{¶ 37} Defendants argue that the November 21, 2006 judgment, which adopted the magistrate's recommendation, was the court's final order and that no injunction was issued therein. Defendants note that plaintiffs failed to object to the magistrate's ruling, and they therefore assert that plaintiffs waived any objections to the lack of an injunction in the ruling. By requesting the magistrate to incorporate a permanent injunction into his final ruling, plaintiffs arguably implied that they did not initially consider the July 21, 2006 order to have imposed a permanent injunction. However, neither plaintiffs' request nor the magistrate's failure to recommend a permanent injunction in his November 3, 2006 decision had any effect on the previously ordered injunction. As stated above, the July 21, 2006 injunction had been imposed by the court on the merits of plaintiffs' claim regarding the validity of the new board of directors in its ruling on plaintiffs' motion for partial summary judgment. The magistrate did not need to impose an injunction in order to resolve the issues presented at trial, and his ruling on the voting rights did not contradict or supersede the July 21, 2006 order.

{¶ 38} We agree with defendants that the November 21, 2006 judgment was a final judgment. Specifically, the judgment was a final judgment because it fully resolved the remaining issues in the litigation. See R.C. 2505.02(B)(1). However, a trial court may enter several final orders during the course of an action. The final judgment need not reiterate the rulings on claims that have been previously resolved during the litigation. Accordingly, the magistrate was not required to reiterate the injunction ordered in the court's July 21, 2006 order. The magistrate's failure to include an injunction in his November 3, 2006 decision, contrary to plaintiffs' request, did not nullify the court's previous July 21, 2006 order. Because the lack of an injunction in the magistrate's November 3, 2006 decision had no effect on the previously ordered permanent injunction, plaintiffs' failure to object to the magistrate's ruling was likewise inconsequential.

{¶ 39} In sum, the record indicates that the trial court imposed a permanent injunction, incorporating the terms of the agreed preliminary injunction, in its July 21, 2006 order granting partial summary judgment and that it entered a final judgment resolving the remaining claims on November 21, 2006. Because the injunction ordered on July 21, 2006 was a permanent injunction, the trial court erred when it concluded that it lacked subject matter jurisdiction to enforce the terms of the agreed preliminary injunction.

{¶ 40} The assignment of error is sustained.

{¶ 41} The decision of the trial court is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

BROGAN, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

{¶ 42} I do not agree with the majority that the judgment of November 21, 2006, from which this appeal is taken, ordered injunctive relief. Instead, and because the judgment failed to order such relief, I find that the appeal should be dismissed for lack of a final order.

{¶ 43} Civ.R. 65(D) states:

{¶ 44} *"Every order granting an injunction* and every restraining order shall set forth the reasons for its issuance; shall be *specific in terms;* shall describe in reasonable detail, and *not by reference to the complaint or other document,* the act or acts sought to be restrained; and is binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise." (Emphasis added.)

{¶ 45} The judgment of November 21, 2006, from which this appeal was taken, makes no mention of injunctive relief of any kind. Therefore, such relief cannot, consistent with the positive requirements of Civ.R. 65(D), be read into that judgment. Likewise, the judgment cannot be construed to grant or impose injunctive relief "by reference to" the preliminary injunction the court previously ordered on November 9, 2005, either expressly or by implication.

{¶ 46} Plaintiff-appellants sought a declaration pursuant to R.C. 2721.02 that the new board of directors was invalidly elected. They did not likewise ask for injunctive relief on the declaration they sought, which per R.C. 2721.09 the court was authorized to grant. However, Civ.R. 54(C) provides that "every *final judgment* shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." (Emphasis added.) Therefore, a summary judgment that determines rights without providing any remedy establishing the respective obligations of the parties to permit compliance or enforcement with the determination is not a final judgment. *Coon v. Barnes* (1994), 95 Ohio App.3d 349, 642 N.E.2d 449.

{¶ 47} The summary judgment determined and declared that the new board of directors was invalidly elected and therefore ultra vires, and that the former

board of directors could not act because its term had expired. That determination left the corporation without a board of directors. Yet, except where the stockholders are otherwise specifically authorized to act, "all of the authority of a corporation shall be exercised by or under the direction of its directors." R.C. 1701.59(A). As a result, a corporation lacking a board of directors cannot function. That is why the court entered the preliminary injunction on November 9, 2005.

{¶ 48} Having declared by way of the interlocutory summary judgment that neither board could act for the corporation, the court could not render that interlocutory judgment final without also providing a remedy establishing the obligations of the parties with respect to the rights of the parties relative to control and operation of the corporation that the court had determined. *Coon.* On this record, that would require the court to appoint some entity to function as the corporation's board, as it had in the preliminary injunction it granted. The judgment of November 21, 2006, failed to do that, and failing to do that the judgment is not final, and not being final the judgment is not appealable pursuant to R.C. 2505.02, even with a Civ.R. 54(B) certification. Id. No certification was made by the court.

{¶ 49} Because the November 21, 2006 judgment was not final and did not by its terms vacate the preliminary injunctive relief the court previously granted, that relief remains in effect. Therefore, on the error assigned, the trial court erred when it held that it lacks jurisdiction to enforce that injunctive relief. Nevertheless, for the reasons stated, I would dismiss the appeal for lack of a final order.