OPINION
{¶ 1} Elizabeth Hosta, Susan Chrysler, Roy Baker, and Marion Brooks ("Plaintiffs") appeal from orders of the Greene County Court of Common Pleas, which failed to require Jack Chrysler and William Chrysler ("Defendants") to serve them with a copy of a trust document and failed to order that Kil-Kare, Inc.'s newly-elected board *Page 2 
of directors take control immediately. Defendants cross-appeal, arguing that the trial court erred in failing to ratify the actions of the sitting board of directors that were taken when the board believed that an injunction was not in effect and in holding that a power of attorney did not grant Jack Chrysler the power to vote the shares of stock held by the Barbara Chrysler Marital Deduction Trust ("Barbara Chrysler Trust"). For the following reasons, the orders and judgment of the trial court will be affirmed.
 I. {¶ 2} This appeal is a continuation of the conflict between two factions of purported shareholders or directors of Kil-Kare Inc., a corporation that operates a racetrack in Xenia, Ohio. We have previously addressed one appeal arising from this conflict. Hosta v. Chrysler,172 Ohio App.3d 654, 2007-Ohio-4205, 876 N.E.2d 998 ("Hosta I "). For ease of analysis, we will reiterate some of the procedural history of the case.
 {¶ 3} Until suffering a stroke in April 2005, Richard Chrysler had effective control of a majority of Kil-Kare's shares, giving him control of the company. At that time, the board of directors consisted of Elizabeth Hosta, Roy Baker, Marion Brooks, Richard Chrysler, and William Chrysler ("the original board"). After Richard became incapacitated, a dispute arose between Richard's daughters, Elizabeth Hosta and Susan Chrysler, and two of his sons, Jack Chrysler and William Chrysler, over the control of various shares and the company's management. According to Plaintiffs, on October 25, 2005, Jack and William used proxies obtained from Richard at his nursing home to elect a new board of directors consisting of Jack Chrysler; William Chrysler; Ken Sheets, their attorney; and Rick Chrysler, another brother ("the new board"). *Page 3 
Plaintiffs alleged that this election was held without summoning a shareholders' meeting as required by Kil-Kare's bylaws. Consequently, Plaintiffs brought suit against Defendants, asserting a number of claims.
 {¶ 4} In Plaintiffs' sixth cause of action in their amended complaint, Plaintiffs requested a declaratory judgment that Elizabeth was the owner of 30 shares of Kil-Kare stock and that Jack lacked the authority to vote any shares of Kil-Kare stock controlled by Richard. Richard, as trustee, controlled 50 shares held by the Richard Chrysler Trust and 50 shares held by the Barbara Chrysler Trust. Also at issue were 41 shares of Kil-Kare stock held by Gilbert Trailer Rental, Inc., a corporation of which Richard and Barbara had been the sole owners.
 {¶ 5} In November 2005, the parties agreed to preserve the status quo pending a determination of the permanent relief requested in the complaint. The Agreed Preliminary Injunction precluded the parties from "engaging in any acts to change the lineup of shareholders, directors, officers, [and] venders," among other things. The injunction was to remain in effect "until further order of the court upon motion." The trial court subsequently approved the Agreed Preliminary Injunction as an order of the court.
 {¶ 6} In May 2006, Plaintiffs filed a motion for partial summary judgment, seeking an order declaring that the board of directors consisted of the original board. Defendants also sought summary judgment on that claim and on Elizabeth's claim that she owned 30 shares of Kil-Kare stock. The trial court granted Plaintiffs' motion for partial summary judgment on their request for a declaratory judgment that the original board was the valid board of directors of Kil-Kare. The court noted that Jack had *Page 4 
admitted that no notice had been sent to shareholders regarding the October 25, 2005 meeting to elect a new board of directors. The court concluded that it was "clear" that the new directors were elected without proper notice to shareholders and that the election of the new directors was invalid. As for a remedy, the court stated:
 {¶ 7} "The next step for the Court is to fashion a remedy that minimizes the disruption of the day to day present operation of Kil-Kare, Inc. The one year term for the old directors has expired. Presently, the Court has granted injunctive relief and ordered thenew directors to stay in place until further notice. A dramatic change back to the old directors pending an election could have an adverse [e]ffect on the corporation. Accordingly, the Court Orders that the Agreed Preliminary Injunction shall remain in effect until a meeting, with proper notice, can be held and a new board of directors elected. To accomplish this, the Court shall set a conference with counsel to discuss how to facilitate the mechanics of this goal." (Emphasis in original) (footnote omitted).
 {¶ 8} The trial court further noted that, in order to have a valid election, the court must make a determination of the validity of the irrevocable proxies signed by Richard and naming William and Jack to vote his shares of stock.
 {¶ 9} On August 24, 2006, a trial was held on the issue of whether Elizabeth was the owner of 30 shares of Kil-Kare stock and whether Defendants had the right to vote the shares of stock held by the Richard Chrysler Trust, the Barbara Chrysler Trust, and Gilbert Trailer. On November 3, 2006, the magistrate dismissed Elizabeth's claim regarding the 30 shares of Kil-Kare stock on the ground that Richard Chrysler, an indispensable party, was not a party to the litigation. The magistrate *Page 5 
resolved the issue as to which individuals, if any, could vote the shares in the Richard Chrysler Trust, the Barbara Chrysler Trust, and the stock held by Gilbert Trailer. The magistrate found that the proxies were invalid and had no legal effect. The magistrate concluded, stating, "The matter of which parties can vote specific blocks of Kil-Kare, Inc. stock having been determined by this Court, the Corporation is free to hold an election to determine the next board of directors, consistent with this decision."
 {¶ 10} No one filed objections to the magistrate's ruling. Accordingly, on November 21, 2006, the trial court adopted the magistrate's decision as its own.
 {¶ 11} On December 19, 2006, Plaintiffs filed a second lawsuit seeking a resolution of whether Elizabeth or Richard owned the disputed 30 shares of Kil-Kare stock. Baker v. Chrysler, Greene Case No. 2006-CV-1158. The trial court in that case determined that Eliabeth was the rightful owner of those 30 shares. An appeal of that judgment is pending. Baker v. Chrysler, Greene App. No. 07-CA-87.
 {¶ 12} In 2007, Gilbert Trailer filed suit against Kil-Kare, Inc., seeking a declaratory judgment that Gilbert Trailer is the owner of the 41 shares and that the company may vote the shares as determined by its board of directors.[1] Gilbert Trailer Rental, Inc. v. Kil-Kare,Inc., Greene Case No. 2007-CV-947. That case remains *Page 6 
pending in the trial court.
 {¶ 13} On February 21, 2007, Plaintiffs filed a motion to enforce the Agreed Preliminary Injunction and to require Defendants to show cause why they should not be held in contempt for violating its terms. Plaintiffs indicated that Defendants terminated the contract with Brooks Racing Tires and fired Whalen and Company as Kil-Kare's outside accountants. The trial court overruled the motion, stating that it lacked subject matter jurisdiction to enforce the order, and Plaintiffs appealed. Upon review, we reversed, reasoning:
 {¶ 14} "In sum, the record indicates that the trial court imposed a permanent injunction, incorporating the terms of the Agreed Preliminary Injunction, in its July 21, 2006 order granting partial summary judgment, and that it entered a final judgment resolving the remaining claims on November 21, 2006. Because the injunction ordered on July 21, 2006 was a permanent injunction, the trial court erred when it concluded that it lacked subject matter jurisdiction to enforce the terms of the Agreed Preliminary Injunction." Hosta I at ¶ 39.
 {¶ 15} Upon remand, numerous motions were filed. Of relevance, Plaintiffs sought to have Defendants held in contempt for taking actions contrary to the injunction. Defendants moved to have the trial court ratify the actions that they took while they believed no injunction was in effect.
 {¶ 16} While these motions were pending, a shareholders' meeting was scheduled for January 15, 2008. On January 11, 2008, the trial court entered an agreed order that maintained the injunction "until such time as the court has certified the results of all shareholder votes occurring at that meeting[.]" By separate entry, the *Page 7 
trial court ordered that the shareholders' meeting occur in such a manner that a record could be made of each party's view of how the votes should be counted.
 {¶ 17} On January 18, 2008, Defendants moved to file under seal a copy of the Barbara Chrysler Trust agreement. Defendants asserted that the agreement "contain[ed] confidential terms and conditions that would be harmful to the beneficiaries of the trust were they to become known." (Barbara's children, which include Defendants and two of the Plaintiffs, are beneficiaries under the trust.) Defendants asked the trial court to review the trust document in camera to determine whether it permitted the shares of the Barbara Chrysler Trust to be voted as asserted by Defendants. Plaintiffs did not respond to the motion.
 {¶ 18} On the same date, Defendants moved for the court to certify the results of the January 15 election. Defendants indicated that two slates had been nominated. Defendants' slate ("Slate One") consisted of William Chrysler, Dwain Fansler, Jack Chrysler, Dan Bettinger, and Richard Chrysler, Jr. Plaintiffs' slate ("Slate Two") consisted of Marion Brooks, Roy Baker, Elizabeth Hosta, Nelson Crandall, and Homer Baker. Defendants asserted that Slate One had won the election by a vote of 144 to 94. In reaching that conclusion, Defendants argued, in part, that Jack had the authority to vote the shares of the Barbara Chrysler Trust by virtue of a power of attorney granted by Richard to Jack.
 {¶ 19} On January 23, 2008, Plaintiffs moved that the injunction be binding "on the newly-elected board of directors, whomever that may be, until the Court of Appeals issues a ruling after the inevitable appeal by the losing side." Plaintiffs also asked the trial court to modify the injunction by removing the board of directors approved by the *Page 8 
July 21, 2006 order and appointing Slate Two, which they claimed won the election.
 {¶ 20} On February 4, 2008, the trial court extended the injunction, without modification, until the court ruled on the motion to certify the election. The court further granted Defendants' motion to file the Barbara Chrysler Trust documents under seal.
 {¶ 21} When Plaintiffs were not served with a copy of the trust documents, Plaintiffs moved to strike the evidence or for an order requiring service of the documents. After reviewing the trust document, the trial court ordered that certain pages be served upon Plaintiffs. The full text of the trust remained under seal.
 {¶ 22} On February 14, 2008, the magistrate determined that Plaintiffs' slate of candidates (Slate Two) was properly elected at the January 15, 2008 meeting. The magistrate reiterated his conclusion that the proxies could not be used to vote the Barbara Chrysler Trust shares of Kil-Kare stock. The magistrate rejected Jack's argument that Richard had validly delegated his authority to vote the shares as trustee to Jack by means of a power of attorney. The magistrate further repeated that Jack could not vote the 20.5 shares of Kil-Kare stock owned by Gilbert Trailer and held by the Barbara Chrysler Trust. Although the magistrate concluded that Plaintiffs' slate had won the election, he further held that the "injunction issued in this case shall continue pending appeal of these issues. If no appeal is taken the injunction is terminated upon the expiration of the time for appeal."
 {¶ 23} The parties objected to the magistrate's decision. On April 22, 2008, the trial court overruled the objections and adopted the magistrate's ruling. The trial court specifically rejected Plaintiffs' argument that res judicata barred Defendants' argument that the power of attorney gave Jack the power to vote the shares in the Barbara *Page 9 
Chrsyler trust. The trial court found that the magistrate's prior statements that "[o]bviously, the power of attorney relates to the personal assets of Richard Chrysler and could not be used to vote shares of stocks in the Richard Chrysler and Barbara Chrysler Trusts" was dicta. The trial court also stated that "the injunction issued shall continue pending any appeals."
 {¶ 24} Plaintiffs appeal from the trial court's April 22, 2008 judgment, raising two assignments of error. Defendants cross-appeal, also raising two assignments of error.
 II. {¶ 25} Plaintiffs' first assignment of error states:
 {¶ 26} "THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFFS' CROSS-OBJECTION TO THE MAGISTRATE'S DECISION ON THE ISSUE OF MAINTAINING THE JULY 21, 2006 INJUNCTION PENDING THIS APPEAL."
 {¶ 27} In their first assignment of error, Plaintiffs claim that the trial court erred in failing to immediately install Plaintiffs' slate as the board of directors of Kil-Kare, Inc. and in continuing the July 21, 2006 injunction.
 {¶ 28} As stated above, in the magistrate's February 14, 2008 decision finding that Plaintiffs' slate of directors was properly elected, the magistrate ordered that the injunction issued in this case continue pending an appeal of these issues. If no appeal were taken, the injunction would terminate when the time for appeal had expired. Plaintiffs objected to this portion of the magistrate's ruling, arguing that Plaintiffs' slate should be permitted to take office immediately, subject to the restraints included in the July 21, 2006 injunction. Plaintiffs also filed a motion for an interim order under Civ. R. 53(D)(4)(e)(ii), requesting that Plaintiffs' slate be permitted to take office immediately. *Page 10 
 {¶ 29} On March 14, 2008, the trial court denied Plaintiffs' motion for an interim order, with the following reasons:
 {¶ 30} "The partes [sic] in this case have been at odds for several years over who should be on the Board of Directors. In order to create some sense of stability the Court has in place an injunction that was continued as is by the Magistrate in his February 14, 2008, decision, pending any appeals.
 {¶ 31} "In reviewing the file, it appears to this Court that in order to continue stability it would be in the best interest of the corporation to continue injunctive relief as is at this time." (Emphasis in original.)
 {¶ 32} In its April 22, 2008 judgment entry, the trial court again stated that "the injunction previously issued shall continue pending any appeals."
 {¶ 33} In essence, the trial court stayed its judgment in favor of Plaintiffs and continued the restrictions on Defendants during the pendency of the appeal.
 {¶ 34} We review the trial court's decision for an abuse of discretion. The term "abuse of discretion" connotes a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 35} In this case, the trial court acted reasonably when it concluded that the status quo should be maintained pending appeal. This action has been contentious, and the trial court reasonably anticipated that the parties would appeal. Moreover, the trial court reasonably considered the stability of the company in ordering the stay. Considering that a reversal of the trial court's judgment might result in Defendants prevailing on their claim that they had won the election, the trial court reasonably *Page 11 
concluded that maintaining the status quo would cause the least disruption for Kil-Kare while the issues were litigated in the appellate court.
 {¶ 36} Plaintiffs' first assignment of error is overruled.
 III. {¶ 37} The second assignment of error states:
 {¶ 38} "THE TRIAL COURT'S DECISION OF FEBRUARY 8, 2008 THAT THE DEFENDANTS DID NOT HAVE TO SERVE THE PLAINTIFFS WITH A COMPLETE COPY OF THE BARBARA CHRYSLER TRUST WAS ERROR."
 {¶ 39} The Barbara A. Chrysler Marital Deduction Trust Agreement consists of 29 sections, which fall within several categories: (1) Recitals (pages 1-2); (2) During the Lifetime of the Grantor (sections 1-3, pages 2-4); (3) Upon the Grantor's Death (sections 4-10, pages 4-16); (4) Powers and Duties of the Trustee (sections 11-19, pages 17-35), and Other Provisions (sections 20-29, pages 35-40). Following the signature page is "Schedule A," which states "$18.75," apparently indicating the initial principal of the trust. Schedule A was also to list Barbara's life insurance policies; however, none were listed. Including Schedule A, the trust consists of 41 pages. (Page 34, which contained the end of section 18 and the beginning of section 19 was missing from the trust document filed with the court.)
 {¶ 40} Also filed under seal was a 1982 First Amendment to the trust, consisting of seven pages. The Amendment modified the Recitals and sections four and five of the trust. Defendants moved to file the trust document under seal and for inspection by the trial court, stating: "The Court can review the Trust Agreement, in camera, and determine whether it permits the shares of the Barbara Chrysler Trust to be voted as *Page 12 
asserted by the Defendants, without disclosing other terms of that Trust Agreement." The trial court allowed the Trust Agreement to be filed under seal. After review by the trial court, the court ordered that Plaintiffs receive pages 1 (recitals), 17-30 (portion of the powers and duties of the trustee), page 35 (portion of the provision regarding successor trustee), and 40 (the end of section 29 and Barbara and Richard's signatures).
 {¶ 41} On appeal, Plaintiffs argue that they did not oppose Defendants' motion to file the trust documents under seal, because they did not oppose the document being unavailable for review by the general public. Plaintiffs believed, however, that the motion would not exclude them from being served. They assert that, because
both Defendants and Plaintiffs are Barbara's children, they have equal right to view the trust agreement. Plaintiffs claim that the trial court's redaction of the trust agreement prevented them from making potential additional arguments and amounted to an ex parte communication with Defendants.
 {¶ 42} Defendants respond that the trial court has the authority to review confidential information and determine whether that information must be shared with the opposing party. They further assert that, in light of the trial court's ruling in Plaintiffs' favor, any error is harmless.
 {¶ 43} Initially, we disagree with Plaintiffs' characterization of Defendants' actions as an ex parte communication. Defendants requested and received permission to file the trust documents under seal for an in camera inspection. Plaintiffs received the portions that the trial court believed to be relevant.
 {¶ 44} Although the trust documents were submitted to the trial court for the *Page 13 
purpose of resolving the motion to certify the election results, Defendants' submission was akin to a request for a protective order under Civ. R. 26(C). Civ. R. 26(C) permits a trial court to limit discovery where necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." "A court may review documents in camera to determine whether an entire document or portions of a document should be withheld from discovery." Stavick v.Coyne, Mahoning App. No. 02 CA 24, 2003-Ohio-6999, at ¶ 29. The trial court thus had authority to review the trust documents to determine whether Plaintiffs should receive only a redacted version of the trust documents. Stavick, supra.
 {¶ 45} Upon review of the Barbara Chrysler Trust, we find no abuse of discretion in the trial court's decision not to order disclosure of pages 2 through 16 (dealing with the trustee's obligations during Barbara's lifetime and the distribution of trust assets upon her death), pages 31 through 34 (concerning approval of certain investments, deals with third parties, duties regarding life insurance, powers regarding distribution, limited responsibilities of trustee during grantor's lifetime, liability of the trustee, and records and accounts), pages 37-40, or the amendment to the trust. Although we question whether disclosure of these sections "would be harmful to the beneficiaries of the trust," these provisions have no bearing on the issues presented in this case.
 {¶ 46} We find, however, that the entirety of section 20 (pages 35-36), addressing successor trustees, should have been disclosed. The last sentence of section 20, which appears on page 36, states: "Provided, however, no beneficiary shall be permitted hereunder to serve as trustee." As discussed, infra, this provision is relevant to whether the trust documents authorized Richard to delegate his powers as *Page 14 
trustee to Jack, a beneficiary. Nevertheless, because the trial court concluded that Jack could not vote the shares held by the Barbara Chrysler Trust and that Plaintiffs' slate had won the election, we find no prejudice to Plaintiffs based on the trial court's decision. The trial court's error is harmless.
 {¶ 47} Plaintiffs' second assignment of error is overruled.
 IV. {¶ 48} Defendants' first assignment of error reads:
 {¶ 49} "THE TRIAL COURT ERRED BY NOT RATIFYING THE ACTIONS OF THE BOARD OF DIRECTORS PERFORMED DURING THE TIME PERIOD WHEN THEY BELIEVED THAT NO INJUNCTION WAS IN EFFECT."
 {¶ 50} In their first assignment of error, Defendants claim that the trial court erred by not ratifying the actions they took between November 2006 and August 2007, when they believed that the injunction was not in effect.
 {¶ 51} The trial court's injunction prohibited the parties from altering the lineup of shareholders, directors, officers, and vendors of Kil-Kare. After the November 21, 2006 judgment, Defendants — acting as the board of directors — issued share certificates to the Barbara Chrysler Trust, issued share certificates to Richard Chrysler, and transferred a single share of stock from George Bee to Jack Chrysler and from Carlton Bennett to William Chrysler. Defendants also chose to replace Hoosier tires, supplied by Brooks Racing Tires, with Goodyear tires.
 {¶ 52} Defendants claim that these actions "were merely routine business" and should have been ratified by the trial court. Defendants state that this Court should remand this action to the trial court for a determination on ratification. In their reply *Page 15 
brief, Defendants further state that this remand should occur prior to this Court's ruling on the remainder of the appeal, because "the outcome of the motion to ratify could render the remainder of the Defendants' appeal moot (i.e., if the additional shares that changed hands were entitled to vote at the shareholders meeting, the outcome of that meeting would have been different)."
 {¶ 53} Plaintiffs respond that Defendants' motion for ratification is not ripe for review, because the trial court has not ruled on the motion and can still do so. Plaintiffs suggest that Defendants seek a writ of procedendo if they believe that the court has wrongfully delayed its ruling.
 {¶ 54} We agree with Defendants that the trial court's failure to rule on the motion to ratify constituted an implicit ruling that the motion was overruled. When a trial court does not specifically rule on a motion, the court is presumed to have overruled it. Reiger v.Reiger, Montgomery App. No. 21784, 2007-Ohio-2366, at ¶ 8. When a final judgment is entered, prior interlocutory rulings merge with the final judgment. Grover v. Bartsch, 170 Ohio App.3d 188, 2006-Ohio-2115,866 N.E.2d 547, ¶ 9. An appeal from the final judgment includes all interlocutory orders merged with it, including those that were presumptively made when the court failed to resolve a motion expressly. See id.
 {¶ 55} Although the trial court did not expressly overrule Defendants' motion to ratify, we find no error in the trial court's failure to ratify Defendants' actions. Defendants' actions violated the terms of the injunction. The fact that Defendants may have acted in good faith does not make their conduct proper. "Proof of intent is not a condition precedent to a finding of civil contempt. Pugh v. Pugh (1984), *Page 16 
15 Ohio St.3d 136, 472 N.E.2d 1085. As a result, the fact that a contemnor did not intend to violate a court order or acted in good faith or on the advice of counsel is no defense to a charge of civil contempt. State ex rel.Adkins v. Sobb (1988), 39 Ohio St.3d 34, 528 N.E.2d 1247." Moore v.Moore, Montgomery App. No. 19110, 2002-Ohio-3652. Accordingly, even assuming that Defendants had acted in good faith, the court did not err in failing to ratify Defendants' conduct.
 {¶ 56} We note that the trial court also failed to rule on Plaintiffs' motion to enforce the injunction. As such, the trial court implicitly overruled that motion, and the court did not impose sanctions for Defendants' apparent failure to comply with the injunction. That ruling has not been appealed. As a result, the trial court's failure to rule on Defendants' motion to ratify is largely harmless.
 {¶ 57} In light of the trial court's ruling that Plaintiffs' slate of candidates won the election, the only lasting consequence of the trial court's failure to ratify Defendants' conduct is that the court has implicitly rejected the transfers of stock made between November 21, 2006 and August 2007. Considering the terms of the injunction, we find no error in that result. (We also note that Defendants did not attempt to vote those shares during the shareholders' election.)
 {¶ 58} Defendants' first assignment of error is overruled.
 V. {¶ 59} Defendants' second assignment of error states:
 {¶ 60} "THE TRIAL COURT ERRED IN HOLDING THAT THE POWER OF ATTORNEY GRANTED TO JACK CHRYSLER DID NOT CONVEY THE AUTHORITY TO VOTE SHARES OF STOCK HELD BY THE BARBARA CHRYSLER TRUST." *Page 17 
 {¶ 61} In their second assignment of error, Defendants claim that the trial court erred in concluding that Jack could not vote 50 shares of Kil-Kare stock held by the Barbara Chrysler Trust. Defendants argue that Richard, as trustee for the Barbara Chrysler Trust, could delegate his authority to vote stock held by the trust. Defendants point to section 12(f) of the trust agreement and claim that this section permitted Richard to exercise the voting rights of the stock as if he were the "absolute owner" of that stock. Defendants summarize their argument as follows:
 {¶ 62} "Since it is perfectly acceptable under the law of Ohio for Richard Chrysler to have delegated his rights to vote stock and since the trust agreement places no restrictions upon the power to delegate and since the Court has already held that the power of attorney does grant the right to vote shares of stock owned by Richard and since the trust agreement conveys the intent of the grantor that Richard be treated as the absolute owner of any shares of stock held by him as trustee, there is no other conclusion that can be reached other than that Jack Chrysler has the power to vote the shares held by the Barbara Chrysler Trust."
 {¶ 63} Plaintiffs raise several procedural arguments as to why Defendants' arguments must fail. Plaintiffs contend that Jack's assertion that he could vote the shares in the Barbara Chrysler Trust due to the power of attorney is barred by res judicata.[2] They assert that the magistrate resolved this issue in November 2006 when he stated that the power of attorney given by Richard to Jack "could not be used to vote shares of stock in the Richard Chrysler and Barbara Chrysler Trusts." Plaintiffs view Defendants' argument as a collateral attack on the November 21, 2006 judgment. *Page 18 
Plaintiffs further contend that the votes cast by Jack should be disallowed because four of the five candidates on Defendants' slate of board of directors are ineligible to hold office, as they are not shareholders.
 {¶ 64} As to the merits of Defendants' arguments, Plaintiffs do not dispute that a trustee has the power to delegate duties and powers and can give a proxy to vote stock. Plaintiffs assert, however, that the trial court properly concluded that the power of attorney covered only Richard's personal assets, not assets he controlled as trustee. They further argue that the broadly-drafted power of attorney amounts to a complete transfer of all of the trustee's powers to Jack, which is impermissible.
 {¶ 65} In their reply brief, Defendants claim that res judicata does not apply. They note that the trial court found that the magistrate's language regarding the power of attorney was dicta. Defendants further assert that they presented a proper slate of candidates. Finally, Defendants reiterate their assertion that the power of attorney from Richard to Jack granted Jack the authority to vote the Kil-Kare shares held by the Barbara Chrysler trust.
 {¶ 66} Upon review of the record, we agree with Plaintiffs' assertion that Jack Chrysler's argument is barred by res judicata.
 {¶ 67} "The doctrine of res judicata requires a party to present every ground for relief in the first action or be forever barred from asserting it. Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180. `It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' Id., citing Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69, 494 N.E.2d 1387, 1388." *Page 19 
(Emphasis in original) BJ Building Company, LLC v. LBJ Linden Co.,LLC, Montgomery App. No. 22195, 2008-Ohio-3373, ¶ 12.
 {¶ 68} In their March 13, 2006 bench brief, Defendants asserted that two scenarios existed whereby 171 shares controlled by Richard would be voted in favor of Defendants' board of directors. Under the first, the proxies granted by Richard would be deemed valid. Under the second, the proxies were invalid yet Jack would be able to vote all shares — including those in the Barbara Chrysler Trust — by virtue of the power of attorney granted by Richard to him. At that time, Plaintiffs challenged Defendants' assertion that the power of attorney gave Jack the authority to vote the shares in the Richard Chrysler or Barbara Chrysler Trust.
 {¶ 69} The August 2006 trial addressed Defendants' right to vote the shares of stock held by the Richard Chrysler Trust, the Barbara Chrysler Trust, and Gilbert Trailer. In their proposed findings of fact and conclusions of law, Defendants asserted that William had the right to vote the shares held by the Barbara Chrysler Trust due to a valid proxy. At that time, Defendants did not assert that Jack could vote the shares of the Barbara Chrysler Trust due to the power of attorney. In fact, they stated: "It seems clear that the proxy is valid and that William Chrysler may vote the shares held by the Barbara Chrysler Trust. If not, then those shares simply cannot be voted by anyone other than Richard."
 {¶ 70} In the magistrate's decision, the magistrate concluded that Jack could vote the shares in the Richard Chrysler trust as the successor trustee to that trust. As to the Barbara Chrysler Trust, the magistrate noted that it "would seem like the best evidence to settle this matter would be to look to the Trust itself." However, the *Page 20 
magistrate indicated that Defendants had presented evidence that William had the power to vote the shares due to an irrevocable proxy. That magistrate concluded, however, that the proxies were invalid. Finally, in addressing the power to vote the shares of stock held by Gilbert Trailer, the magistrate stated:
 {¶ 71} "The durable power of attorney, inter alia, permits Mr. [Jack] Chrysler to vote any shares of stock in any corporation standing in myname, and to execute and deliver all necessary proxies. Obviously, the power of attorney relates to personal assets of Richard Chrysler and could not be used to vote shares of stock in the Richard Chrysler and Barbara Chrysler Trusts." (Emphasis in original, footnote omitted).
 {¶ 72} The magistrate concluded that the power of attorney gave Jack the power to vote the 20.5 shares of Kil-Kare stock owned by Gilbert Trailer and held by Richard, but not the shares held by Barbara. The magistrate concluded his decision, stating: "The matter of which parties can vote specific blocks of Kil-Kare, Inc. stock having been determined by this Court, the Corporation is free to hold an election to determine the next board of directors, consistent with this decision."
 {¶ 73} As stated above, the trial court adopted the magistrate's decision without objection from the parties.
 {¶ 74} A central issue in this case was Defendants' authority to vote the shares of Kil-Kare stock held by the Barbara Chrysler Trust. During the trial on this issue, Defendants could have asserted that Jack Chrysler had the power to vote those shares due to the power of attorney — an argument that they had previously recognized in their bench brief. Defendants apparently opted to rely solely on their argument that *Page 21 
William could vote those shares due to the proxies given by Richard. The trial court's November 21, 2006 final judgment fully resolved the voting rights of the parties as to the shares held by the Richard Chrysler Trust and the Barbara Chrysler Trust. Consequently, Defendants could not assert new justifications for voting those shares at the time of the election. Accordingly, Defendants' claim that Jack had the power to vote the shares in the Barbara Chrysler Trust was barred by res judicata.
 {¶ 75} Because we conclude that res judicata bars Defendants' claim, we need not address the trial court's determination that the power of attorney did not grant Jack the authority to vote the shares in the Barbara Chrysler Trust.
 {¶ 76} Defendants' second assignment of error is overruled.
 IV. {¶ 77} Having overruled all assignments of error, the judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.
[1] At the time Plaintiffs initiated this lawsuit, Gilbert Trailer no longer existed. The corporation was reinstated in August 2006.
[2] Plaintiffs support their argument with citations to the transcript of the August 2006 trial. No transcripts are part of the record on appeal. *Page 1