NUNC PRO TUNC OPINION
{¶ 1} This Memorandum-Opinion and Judgment Entry shall speak and be in effect, nunc pro tunc, as of November 28, 2005, the date of the former Memorandum-Opinion and Judgment Entry of this Court, which this Memorandum-Opinion and Judgment Entry corrects and replaces. The language contained in Paragraph 53 of the Memorandum-Opinion has been stricken.
 {¶ 2} This is an appeal from decisions of the Stark County Common Pleas Court which denied Appellant Charton's Motion to Intervene and 60(B) Motion to Vacate a Consent Decree.
 {¶ 3} This cause is related to appeals in 2004CA00326, 2005CA00032 and 2004CA00395, and particularly to 2004CA00395.
 {¶ 4} For a complete picture of all of the facts surrounding these various appeals, the facts stated in such related cases are incorporated by reference.
 {¶ 5} The essential basis of this appeal is that Appellant Charton asserts abuse of discretion in denial of his Motion to Intervene in Stark County Common Pleas Case 2004-CV-02705 and his 60(B) Motion to Vacate the Consent Decree filed in such case.
 {¶ 6} The history in this case relative to the issues raised in this case as to Appellant's Motion to Intervene and 60(B) Motion require additional historical consideration.
 {¶ 7} Appellee, Republic, filed a complaint on August 12, 2004, in Stark County Common Pleas Court in 2004CV02705 seeking, among other relief, a declaratory judgment that its landfill operation was a public utility, that the actions of the Pike Township authorities were unconstitutional as applied, that State statutes had pre-empted the zoning by Pike Township and that a taking of property rights without compensation had occurred.
 {¶ 8} Appellant Charton, who owned property adjoining the landfill, was not joined as a party.
 {¶ 9} A public notice of special meeting of Pike Township and the Pike Township Zoning Board of Appeals for September 28, 2004, at the prosecutor's office, was published on September 27, 2004.
 {¶ 10} A consent judgment entry was filed on September 29, 2004, providing:
 {¶ 11} "1. The Court finds and declares that the Township of Pike ("Township") Zoning Resolution ("Zoning Resolution") provisions governing the issuance of conditionals use permits for solid waste disposal facilities to the property of Republic Service of Ohio II, LLC ("Republic"), located at 3619 Gracemont Street SW in the Township (the "Property"), that precluded its use for an expanded solid waste disposal facility are invalid as applied to the Property. Republic is entitled to expand its facility to its full capacity of 258 acres.
 {¶ 12} "2. Bob Burkhart, in his official capacity as Township Zoning Inspector, is ordered to issue a Zoning Certificate for the expansion and operation of Republic's solid waste facility and associated facilities on the Property to its full capacity of 258 acres.
 {¶ 13} "3. Subject to Republic's successful resolution of ERAC Appeal Nos: 795307-795320 and 795323 and 795334, including any and all appeals therefrom, if any, Republic will construct and/or fund the construction of the Interstate-77/Gracemont diamond entrance and exit ramps ("Ramp"). Republic will expect the contribution of $3,000,000.00 from the federal government, which has been budgeted for the Ramp, and the $3,000,000.00 committed for the Ramp by the Stark, Tuscarawas, Wayne Joint Solid Waste Management District (the "District") for construction of the Ramp, provided that the District receives a judicial determination of its right to expend such funds for the construction of the Ramp. In the event, however, that the federal government fails to appropriate the $3,000,000.00 for construction of the Ramp and/or the District fails to receive a judicial determination of its right to expend such funds for the construction of the Ramp, Republic shall make up any shortfall.
 {¶ 14} "4. Provided that the pending appeal in ERAC Appeal Nos: 7953077-95320 and 795323 and 795334, including any and all appeals therefrom, if any, are resolved in favor of Republic and if for any reason the Ramp fails to receive the necessary governmental approvals for its construction, Republic will contribute up to $10,000,000.00 for the construction of an alternate road and for the purchase of any properties adjacent to said alternate road.
 {¶ 15} "5. Republic and the Township will use all reasonable efforts to procure and expedite the construction of the Ramp and/or the alternate road and to obtain all funds available from the federal government and the district for the construction of the Ramp.
 {¶ 16} "6. The Township will permit construction and operation of the landfill 14 hours a day, 6 days a week from 6:00 A.M. to 8:00 P.M. There will be no Sunday operations.
 {¶ 17} "7. All claims by Republic against the Township for damages are hereby withdrawn. This Judgment resolves all remaining claims by the Republic against the Township.
 {¶ 18} "8. The provisions of this Consent Judgment shall be binding upon and shall enure to the benefit of the parties hereto and their respective successors and assigns.
 {¶ 19} "9. The Court retains jurisdiction of this action in order to enforce the terms of this Judgment and to resolve any issues which may arise relating thereto.
 {¶ 20} "10. The parties waive any right they may have to appeal this Judgment."
 {¶ 21} Appellant filed his Motion to Intervene and Motion to Vacate the Consent Decree on October 8, 2004. Such Motions were denied as the case was no longer pending due to such consent judgment.
 {¶ 22} An appeal was filed in 2004CA00331. Such was dismissed by this Court due to lack of standing by Appellant Charton.
 {¶ 23} On return to the Common Pleas Court, notwithstanding the prior closed case ruling, consideration was given to Appellant Charton's Motions and he filed a supplemental thereto, which was opposed.
 {¶ 24} The Court, based on a denial by Judge Lioi in Stark County Common Pleas Case No. 2004CV02656 of Appellant's Charton's Motion to Intervene denied his Motion in this case which resulted also in denial of his 60(B) Motion.
 {¶ 25} Judge Lioi's ruling in 2004CV02656 is the subject of an appeal in this Court in Case No. 2004CA00395.
 {¶ 26} The Assignments of Error submitted herein are:
 {¶ 27} "I. THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT-FRED CHARTON'S MOTION TO VACATE CONSENT JUDGMENT AND FOR LEAVE TO INTERVENE TO PARTICIPATE IN OPPOSITION TO THE RELIEF AS REQUESTED BY THE PLAINTIFF/APPELLEE-REPUBLIC SERVICES OF OHIO II, LLC IN THE SUBJECT DECLARATORY JUDGMENT ACTION (AND AS AGREED AND CONSENTED TO BY THE DEFENDANT/APPELLEE-PIKE TOWNSHIP TRUSTEES); AND THEREFORE ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT A DETERMINATION UPON THE MERITS IN AN ADVERSARIAL CONTEXT WITH PARTICIPATION BY THE APPELLANT AS A PARTY IN INTEREST.
 {¶ 28} "II. THAT THE TRIAL COURT DECISIONS DENYING THE APPELLANTF-RED CHARTON'S MOTION TO VACATE JUDGMENT AND FOR LEAVE TO INTERVENE IN THE SUBJECT DECLARATORY JUDGMENT ACTION, WERE OTHERWISE CONTRARY TO LAW.
 I., II. {¶ 29} We shall address both Assignments simultaneously.
 {¶ 30} Republic's complaint for declaratory judgment set forth alternative arguments why the court should strike the zoning regulations. In Count One, Republic alleged it was not subject to zoning because it is a public utility. In Count Two, Republic argues the zoning regulations are unconstitutional as applied to its property. In Count Three, Republic appears to allege the zoning regulations are contrary to law or outside their authority. In Count Four, Republic alleges the zoning constitutes a taking and the Township must compensate it.
 {¶ 31} The consent judgment finds the zoning resolutions are invalid as applied to this property, and therefore Republic was entitled to expand its facility to its full capacity. (Judgment Entry, Paragraph 1.) The judgment entry does not state which theory it accepts nor how it follows Republic can utilize the full 258 acres.
 {¶ 32} A consent decree generally cannot be appealed, except when a party alleges irregularity or fraud in the procurement,Sponseller v. Sponseller (1924) 110 Ohio St. 395. An agreement which induces a party to disregard his duties is void and against public policy. Construing his pleadings liberally, appellant has challenged the consent judgment in this manner.
 {¶ 33} In Peterman v. Village of Pataskala (1997),122 Ohio App.3d 758, 702 N.E.2d 965, this court reviewed a declaratory judgment action which brought the village's zoning regulations before the court. In Peterman, the landowner filed a declaratory judgment action after the village denied her request for rezoning. After an emergency meeting, the city council authorized its solicitor to enter into settlement negotiations with the landowner. When her neighbors learned of the proceedings, they filed a motion to intervene in the proceedings. The trial court overruled the motion to intervene, finding the neighbors had no interest in the particular piece of property which was the subject of the action. This court reversed and permitted the neighbors to intervene.
 {¶ 34} The settlement agreement in Peterman amended the zoning ordinances and maps to rezone the landowner's property even though the village had originally denied her request. This court found the settlement prevented the neighbors from exercising their right to a referendum because the change was not done by legislative action. Further, the agreed judgment entry circumvented the ordinances and rules of the village. Finally, we found there was a question whether the village was adequately representing the neighbors' interests in settling the matter by rezoning Peterman's property. We found under the circumstances it was necessary to allow the neighbors to intervene because they had no other way to protect their interests. We would use this reasoning, and find Driscoll, supra, does not apply to this particular set of circumstances.
 {¶ 35} All zoning ordinances are presumed to be constitutional, Century Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 653 N.E.2d 639. A zoning ordinance will be struck down if a property owner challenging the ordinance proves, beyond fair debate, that the ordinance is clearly arbitrary and unreasonable, and without substantial relation to the public health, safety, morals, or general welfare of the community,Goldberg Cos., Inc. v. Richmond Heights City Council (1998),81 Ohio St.3d 207, citing Euclid v. Ambler Realty Company (1926),272 U.S. 365, 47 S.C. 114, 71 L.Ed303. The standard of "beyond fair debate" is analogous to the "beyond a reasonable doubt" standard in criminal law, Century at 584.
 {¶ 36} Against this standard we would find a trial court should exercise great caution before finding zoning regulations simply don't apply. Likewise, without more, any challenge to the settlement agreement cannot obtain meaningful review. A consent agreement is a contract, and is enforceable against any of the parties. However, when the parties submit a settlement agreement to the court, it should review the contents before adopting the agreement and incorporating it into its judgment, Schorpp v.Dickard (December 23, 1999) Cuyahoga County App. No. 75447. We would find this particularly true when, as here, the court retains jurisdiction to enforce the judgment.
 {¶ 37} In addition, in the first assignment of error, Appellant asserts an abuse of discretion as to the trial court's rulings on his motion to vacate the consent judgment and his motion to intervene.
 {¶ 38} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 39} Civil Rule 24 as to intervention and the right or permissibility thereof is governed by subsections (A) and (B) of such rule, which state:
{¶ 40} "(A) Intervention of right
 {¶ 41} "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
{¶ 42} "(B) Permissive intervention
 {¶ 43} "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 {¶ 44} Of course, Civ. R. 60(B) governs with respect to vacation of judgments such as the consent entry in the case sub judice. Civ. R. 60(B) provides:
{¶ 45} (B) Mistakes; inadvertence; excusable neglect; newlydiscovered evidence; fraud; etc
 {¶ 46} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 47} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 48} While Driscoll v. Austintown (1975),42 Ohio St.2d 263, 274, 328 N.E.2d 395, concerned a variance, it is relative to the issues at hand as contained in the Complaint of Appellee Republic.
 {¶ 49} In Driscoll, the Ohio Supreme Court stated:
 {¶ 50} "The availability of action to review denial of a variance sought by owner of a specific tract of land does not preclude a declaratory judgment action which challenges the constitutionality of the zoning restrictions on that land. R.C. §2506.01 et seq." Id. at syllabus, paragraph 2.
 {¶ 51} "Fact that a statute specifies that a certain group of persons be given notice of a hearing pertaining to proposed legislative action has no relevance in determining necessary parties to declaratory judgment lawsuit challenging constitutionality of existing legislation. R.C. §§ 519.12,2506.01 et seq." Id. at syllabus, paragraph 7.
 {¶ 52} "Even though surrounding property owners may have had practical interest in outcome of declaratory judgment action attacking constitutionality of single-family zoning ordinance as it applied to specific parcel of property, surrounding owners were not necessary parties defendant to the action. R.C. §§2506.01 et seq., 2721.12." Id. at syllabus, paragraph 8.
 {¶ 53} We are not addressing the prior order of the trial court which denied the motion to intervene as untimely as such case had been closed but, rather, this appeal is from the court's decision to deny the intervention motion and thereby the 60(b) motion on the basis of Judge Lioi's ruling in Common Pleas Case No. 2004CV02656, which decision we have reversed in the companion appeal in 2004CA00395.
 {¶ 54} As the basis for the ruling denying intervention has been reversed on appeal, this case is remanded to the trial court for a determination on the merits of Appellant Charton's motion to intervene and, if granted, his 60(B) motion.
 {¶ 55} This cause is reversed and remanded for appropriate procedure in accordance therewith. Costs to Appellee, Republic Services of Ohio II, LLC.
Boggins, P.J. Gwin, J., and Wise, J., concur.
 NUNC PRO TUNC JUDGMENT ENTRY
This Judgment Entry shall speak and be in effect, nunc pro tunc, as of November 28, 2005, the date of the former and Judgment Entry of this Court, which this Judgment Entry corrects and replaces. The language contained in Paragraph 53 of the Memorandum-Opinion has been stricken.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for appropriate procedure in accordance therewith.
Costs to Appellee, Republic Services of Ohio II, LLC.