[Cite as *Miller v. Evans*, 2015-Ohio-4570.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT MILLER | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2015CA00044 |
| | : | |
| NANCY EVANS | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2014DR00566

JUDGMENT:      REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      November 2, 2015

APPEARANCES:

For Plaintiff-Appellant:

CRAIG T. CONLEY
604 Huntington Plaza
220 Market Ave. South
Canton, OH 44702

For Defendant-Appellee:

WARNER MENDENHALL
190 N. Union St., Ste. 201
Akron, OH 44304

*Delaney, J.*

{¶1} Plaintiff-appellant Robert Miller ("Miller") appeals from the Judgment Entries of the Stark County Court of Common Pleas, Family Court Division, dated January 9, 2015 and February 18, 2015. Defendant-appellee is Nancy Evans ("Evans").

## FACTS AND PROCEDURAL HISTORY

{¶1} This case is related to but not consolidated with *Robert Miller v. Nancy Evans*, 5th Dist. Stark No. 2015CA00042. In that case, Evans is the appellant and Miller the appellee. The two appeals arise from the same underlying case and raise different but related assignments of error. The facts and procedural histories are therefore identical but we will address each appeal in a separate opinion. The parties agree upon the following relevant facts and procedural history.

{¶2} In August 2013, Miller executed a Power of Attorney giving his daughter, attorney Bobbie L. Marsh, fiduciary power to transact business on his behalf.

{¶3} On May 27, 2014, Miller filed a complaint for divorce against his wife, Evans.[1] Evans filed a counterclaim for divorce against Miller.[2]

{¶4} In September 2014, Evans moved the trial court to determine the validity of the Power of Attorney.

{¶5} On October 22, 2014, Miller dismissed his complaint pursuant to Civ.R. 41(A)(1).[3] On January 8, 2015, Evans voluntarily dismissed her counterclaim pursuant to Civ.R. 41(A)(1).

---

[1] Miller was represented by attorney Susan Pucci Sutton.
[2] Evans was represented by attorney Arnold F. Glantz.
[3] The dismissal was filed by attorney Craig Conley.

{¶6} On January 9, 2015, the trial court entered a Judgment Entry stating in pertinent part:

* * * *.

Findings of Fact:

Ms. Marsh was properly served by subpoena on December 4, 2014 and failed to appear. She demands witness fees paid in advance. Mr. Glantz argues that Ms. Marsh is a party as she filed, through alleged power of attorney, filed (*sic*) the initial complaint that brought this matter to court. While Ms. Marsh's actions in this case are found to be contrary to behavior expected of an attorney in this state (*sic*).

Order:

The power of attorney was not valid when this case or the domestic violence case were filed. Case number 2014DV00051 is ordered sealed. [Evans] moves to voluntarily dismiss her counterclaim. Case number 2014DR00566 is also ordered sealed.

* * * *.

{¶7} On January 20, 2015, attorney Marsh moved to strike the following language from the court's Judgment Entry of January 9: "While Ms. Marsh's actions in this case are found to be contrary to behavior expected of an attorney in this state (*sic*)."[4]

---

[4] Attorney Craig Conley filed the motion to strike on behalf of attorney Marsh.

{¶8}   On February 9, 2015, Evans moved for sanctions against Miller's counsel pursuant to Civ.R. 11 and R.C. 2323.51 on the basis of the trial court's finding that the Power of Attorney was not valid.[5]   Both attorneys responded with memoranda in opposition.

{¶9}   On February 18, 2015, the trial court filed a Judgment Entry stating in pertinent part:

> * * * *.
>
> Findings of Fact:
>
> This case was closed on January 9, 2015 after the court found that the Power of Attorney was not valid and upon the dismissal of [Evans'] counterclaim for divorce.   [Miller] previously dismissed his Complaint for divorce.
>
> The Court was informed that there have been numerous filings since the closing of the case.   None of these filings appropriately opened a closed domestic relations case and therefore the court does not have jurisdiction to address same.
>
> Order:
>
> All outstanding motions dismissed for lack of jurisdiction.
>
> * * * *.

{¶10} In the instant appeal, Miller appeals from the trial court's judgment entries of January 9 and February 18, 2015, arguing the trial court lacked jurisdiction to issue both orders because the case was dismissed in its entirety as of January 8, 2015.

---

[5] The motion for sanctions was filed by attorney Warner Mendenhall on behalf of Evans and was served upon attorneys Susan Pucci Sutton and Craig Conley.

{¶11} In the related appeal, Evans appeals from the trial court's Judgment Entry of February 18, 2015, arguing the motion for sanctions survived the dismissal and the trial court should have held a hearing thereon.

{¶12} Miller raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I.  AS TO THE TRIAL COURT'S JANUARY 9, 2015 JUDGMENT ENTRY, IT ERRED IN PROCEEDING TO HEAR, AND THEN TO ADJUDICATE, AFTER PLAINTIFF'S/APPELLANT'S COMPLAINT FOR DIVORCE HAD ALREADY BEEN VOLUNTARILY DISMISSED, DEFENDANT'S/APPELLEE'S PRE-DISMISSAL MOTION TO DETERMINE THE VALIDITY OF THE POWER OF ATTORNEY USED TO FILE THE SAME COMPLAINT."

{¶14} "II.  AS TO BOTH OF THE TRIAL COURT'S JANUARY 9, 2015 AND FEBRUARY 18, 2015 JUDGMENT ENTRIES, IT ERRED IN CONTINUING TO EXERCISE JURISDICTION AFTER THE ACTION BEFORE IT HAD ALREADY BEEN VOLUNTARILY DISMISSED IN ITS ENTIRETY."

**ANALYSIS**

I., II.

{¶15} Miller's two assignments of error are related and will be considered together.  Miller contends the trial court was without jurisdiction to enter its judgment entries of January 9 and February 18, 2015.   Evans agrees but asserts the trial court

retained jurisdiction to rule on collateral matters including the motion for sanctions.[6] We agree the trial court had no jurisdiction to enter the judgment entries of January 9 and February 18, 2015, and therefore reverse and vacate those judgment entries.

{¶16} A plaintiff's notice of voluntary dismissal made pursuant to Civ.R. 41(A)(1) is self-executing; it requires no court action and is effective on the date of filing. *Brogdon v. Sibley Murray, LLC*, 5th Dist. Stark No. 2009 CA 139, 2010-Ohio-539, ¶ 9, citing *James v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 75993, 2000 WL 284221 (March 16, 2000). Generally, where a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed. See *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853 at ¶ 22. A voluntary dismissal divests the trial court of jurisdiction to make any entry on the merits thereafter. *Frazee v. Ellis Bros.*, 113 Ohio App.3d 828, 830, 682 N.E.2d 676 (5th Dist.1996).

{¶17} Miller's dismissal of the complaint on October 22, 2014, followed by Evans' voluntary dismissal of her counterclaim on January 8, 2015, divested the trial court of jurisdiction to proceed. The findings entered in the January 9 and February 18, 2015 judgment entries are therefore dicta.

{¶18} Miller's two assignments of error are sustained to the extent that the trial court was without jurisdiction to enter the Judgment Entries of January 9 and February 18, 2015. Those entries are therefore reversed and vacated. Consistent with our

---

[6] In the related appeal, we found the trial court retained jurisdiction to decide the motion for sanctions and is required to hold a hearing thereon only if the court determines, in its discretion, the motion is of arguable merit. *Robert Miller v. Nancy Evans*, 5th Dist. Stark No. 2015CA00042, ---Ohio---, at ¶ 20.

findings in the related appeal, however, this matter is remanded to the trial court for consideration of Evans' motion for sanctions.

## CONCLUSION

{¶19} Miller's two assignments of error are sustained, the judgment of the Stark County Court of Common Pleas, Family Court Division is reversed and vacated, and this matter is remanded for further proceedings consistent with this opinion.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.