[Cite as *Cashelmara Condominium Unit Owners Assn., Inc. v. Kish*, 2022-Ohio-3672.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CASHELMARA CONDOMINIUM
UNIT OWNERS ASSOCIATION INC.,　　:

　　　　Plaintiff-Appellee,　　　　:　　　　　No. 111272

　　v.　　　　　　　　　　　　　:

STEPHEN M. KISH, ET AL.,　　　　:

　　　　Defendants-Appellants.　　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 13, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-909441

---

### *Appearances:*

Kehoe & Associates, LLC, and Robert D. Kehoe, *for appellee*.

Dinn, Hochman & Potter, LLC, Thomas A. Barni, and Andrew J. Yarger, *for appellants*.

MARY EILEEN KILBANE, J.:

{¶ 1}　Appellants Stephen M. Kish ("Kish") and SK2 Properties, LLC ("SK2" collectively "Appellants") filed an appeal from the trial court's denial of their

combined motion to vacate a void judgment or for relief from judgment pursuant to Civ.R. 60(B) ("combined motion"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Cashelmara Condominium Unit Owners Association, Inc. ("Association"), is a condominium unit owners' association formed under R.C. Chapter 5311 for the benefit of the condominium unit owners at Cashelmara Condominiums in Bay Village, Ohio. SK2 owned unit 27 at the Cashelmara Condominiums; Kish was the sole member and manager of SK2.

{¶ 3} On January 10, 2019, the Association filed a complaint against Kish and SK2 ("injunction lawsuit"). The complaint sought injunctive relief based upon Appellants' alleged unauthorized demolition of unit 27 at the Cashelmara Condominiums. The Association's complaint also sought costs, including attorney fees and expenses.

{¶ 4} On January 15, 2019, the Association's complaint was served on both Appellants at Kish's home address on East 9th Street ("East 9th Street address").

{¶ 5} On January 16, 2019, the trial court conducted a telephone conference. The Association participated through counsel and Kish appeared pro se. No counsel appeared on SK2's behalf and the court instructed Kish that SK2 was required under Ohio law to be represented by counsel. The court granted the Association's temporary restraining order and, upon consultation with counsel and the parties, set a preliminary injunction hearing on February 8, 2019.

{¶ 6} On February 7, 2019, Kish contacted the court and requested a continuance of the hearing. The trial court denied Kish's request for a continuance because Kish failed to state good cause for a continuance after "having been notified in writing of the date of the [h]earing, and having participated in scheduling the [h]earing." The Association appeared at the February 8, 2019 hearing but neither Kish nor counsel for SK2 participated. Pursuant to Civ.R. 65(B)(2), the trial court ordered the trial of the action on the merits to be advanced and consolidated with the hearing on the application for a preliminary injunction. On February 12, 2019, the trial court issued a detailed order that granted the Association's preliminary and permanent injunctions. The court's order did not address attorney fees. The clerk of courts issued notice of the judgment entry to Appellants, by regular mail, to the East 9th address. The docket reflects that Kish paid the assessed court costs.

{¶ 7} On September 6, 2019, SK2 filed a separate lawsuit against the Association in Cuyahoga C.P. No. CV-19-921060 seeking discharge of a lien the Association filed against SK2's condominium ("lien lawsuit"). On November 7, 2019, the Association filed a motion to consolidate the injunction lawsuit with the lien lawsuit, but the trial court struck that motion finding the case "was disposed on 2/12/2019 and is not an active case."

{¶ 8} Following the trial court's rulings to grant the Association's injunctions and to strike the motion for consolidation, none of the parties submitted filings nor did the court schedule any hearings until over a year later. On December 16, 2020, the Association filed a motion for attorney fees and expenses in the

injunction lawsuit. According to the certificate of service, a copy of the motion was served, via regular U.S. mail, on both Appellants at the East 9th Street address and emailed to Kish. Kish and SK2 did not file a brief in opposition to the motion. On January 22, 2021, the trial court granted the Association's motion for attorney fees, and a copy of the judgment entry was sent by regular mail to both Appellants at the East 9th Street address.

{¶ 9} On February 1, 2021, a notice of appearance of counsel was filed on behalf of Kish and SK2. On the same date, Appellants filed a combined motion. In the combined motion, Appellants argued that the trial court's judgment for attorney fees was void because the court did not retain jurisdiction of the case after it granted the Association's injunctions on February 12, 2019. Appellants, in the alternative, argued that they were entitled to relief pursuant to Civ.R. 60(B)(3) because the Association intentionally mailed the motion for attorney fees to the incorrect address and never emailed a copy to Kish. Appellants claimed they learned about the court's judgment that granted attorney fees when their counsel reviewed the injunction lawsuit docket on January 25, 2021.

{¶ 10} The injunction court's February 26, 2021 journal entry states the clerk of courts' regular mail service of the January 22, 2021 judgment entry to Appellants at the East 9th Street address failed; the mailings were not deliverable as addressed.

{¶ 11} On June 30, 2021, the injunction court held Appellants' combined motion in abeyance until after a scheduled November 4, 2021 telephone conference. On January 18, 2022, in a detailed order, the trial court denied Appellants'

combined motion. The trial court's order addressed whether it had jurisdiction to grant the award of attorney fees and the Civ.R. 60(B)(3) motion. The court referenced its prior ruling on the Association's motion for consolidation and stated "the [c]ourt's ability to designate a case as 'active' or 'inactive' has no bearing on whether the court retains subject matter jurisdiction over the matter." The language in the court's injunction order that stated the order would remain in effect "until further order from this [c]ourt" indicated the court did not divest itself of jurisdiction, but retained jurisdiction to rule on subsequent motions such as the motion for attorney fees. As to the Civ.R. 60(B)(3) motion filed by Kish and SK2, the trial court found the Association's mailing a copy of the motion for attorney fees to opposing parties' last known address and emailing a copy to Kish did not amount to fraud, misrepresentation, or other misconduct.

{¶ 12} Appellants filed a timely appeal on February 14, 2022.[1] On February 24, 2022, Kish and SK2 filed with the trial court a motion to stay execution of the grant of attorney fees pending appeal. On July 11, 2022, the trial court granted the motion to stay execution.

{¶ 13} Two additional lawsuits were filed that relate to Appellants' Cashelmara condominium: "the lien lawsuit" and "the Woods lawsuit." We will not

---

[1] Kish and SK2 appealed both the trial court's January 22, 2021 order granting attorney fees and the January 18, 2022 order denying their combined motion. The Association filed a motion to dismiss the appeal of the January 22, 2021 order arguing that the appeal was untimely. This court granted the Association's motion to dismiss.

list the full factual and procedural histories for these cases, but only those that relate to the instant matter.

**Cuyahoga C.P. No. CV-19-921060 ("the lien lawsuit")**

{¶ 14} On September 6, 2019, SK2 filed the lien lawsuit against the Association. The complaint listed SK2's address as 23200 Lake Road, Unit 27, the address of the Cashelmara condominium. Attorneys Kehoe and Associates, L.L.C. ("Kehoe"), who represented the Association in the injunction lawsuit, also represented that entity in the lien lawsuit. On November 7, 2019, the Association filed an answer, a counterclaim against SK2, and a new-party complaint against Kish and SK2. On November 8, 2019, the new-party complaint was sent, by certified mail, to Kish at the East 9th Street address. On November 20, 2019, Kish received service of the new-party complaint at the East 9th Street address.

**Cuyahoga C.P. No. CV-20-935640 ("the Woods' lawsuit")[2]**

{¶ 15} Timothy and Lani Wood ("the Woods") owned a condominium unit at Cashelmara. On August 5, 2020, the Woods filed a complaint against the Association and the Association's manager, George Sirow ("Sirow"), for issues they allegedly experienced in their condominium due to the construction work performed in Kish's neighboring condominium. On September 29, 2020, the Association and Sirow filed a Civ.R. 12(B)(6) motion to dismiss. The motion to dismiss was filed by new defense counsel ("new defense counsel") rather than Kehoe

---

[2] Cuyahoga C.P. No. CV-20-935640 was subsequently dismissed and refiled as Cuyahoga C.P. No. CV-21-942871.

who represented the Association in the injunction and lien lawsuits. On October 21, 2020, Kehoe filed a notice of appearance on behalf of the Association and Sirow and provided representation on claims not covered by insurance.

{¶ 16} On October 29, 2020, the Association and Sirow, through new defense counsel, filed an answer and third-party complaint against Kish and SK2. On November 18, 2020, the trial court granted Sirow's motion to dismiss. The clerk of courts sent copies of the November 18, 2020 judgment entry to all parties and, specifically, to Kish and SK2 by regular mail to their East 9th Street address. On December 4, 2020, the Association and Sirow requested the clerk of courts serve their third-party complaint on Kish and SK2 at the East 9th Street address. The third-party complaint was sent by certified mail on December 7, 2020.

{¶ 17} The December 10, 2020 journal entries stated the clerk of courts' issuance of the November 18, 2020 dismissal entry sent to Kish and SK2 by regular mail was "not deliverable as addressed." Journal entries issued on December 13, 2020, stated there was a failure of service of the third-party complaints sent by certified mail to Kish and SK2 and the mail was marked "unable to forward." The Woods' lawsuit was dismissed without prejudice and refiled, but those proceedings are not relevant to this appeal and, therefore, are not detailed here.

{¶ 18} In this appeal from the trial court's denial of their combined motion filed in the injunction lawsuit, Kish and SK2 presented these seven assignments of error:

Assignment of Error 1: The trial court erred in determining that [A]ppellants bore the burden of updating their addresses in an inactive case.

Assignment of Error 2: The trial court erred finding that SK2 Properties, LLC could not be served at the condo because nobody lived there.

Assignment of Error 3: The trial court erred by failing to find inadvertence or excusable neglect.

Assignment of Error 4: The trial court erred by finding that Stephen Kish listed his address as 23200 Lake Road, Unit 27, Bay Village, Ohio 44140 in Case No. CV-19-921060.

Assignment of Error 5: The trial court erred by failing to vacate its void judgment.

Assignment of Error 6: The trial court erred by determining the Association emailed the motion to Stephen Kish.

Assignment of Error 7: The trial court erred by ruling on a motion held in abeyance.

## Legal Analysis

{¶ 19} On appeal, Appellants argue they are entitled to relief from the injunction lawsuit's January 18, 2022 judgment entry that denied their combined motion because (1) the trial court failed to find the Association did not obtain proper service of the motion on Appellants, (2) the trial court failed to find Appellants were entitled to relief pursuant to Civ.R. 60(B)(1), (3) the trial court erred when it failed to vacate its void judgment, and (4) the trial court erred when it ruled on a motion held in abeyance. For ease of discussion, we will address Appellants' assignments of error out of order.

**First and Fifth Assignments of Error**

{¶ 20} Appellants' first and fifth assignments of error are interrelated and will be addressed collectively. In their first assignment of error, Kish and SK2 argue that the trial court "erred in determining that [Appellants] bore the burden of updating their addresses in an inactive case." Specifically, Appellants argue that once the trial court granted the Association's injunctions, the injunction lawsuit was inactive and, therefore, Appellants had no obligation to inform the court or parties about any subsequent change in address. In their fifth assignment of error, Kish and SK2 argue that the trial court lacked jurisdiction to grant the Association's motion for attorney fees. Specifically, Kish and SK2 contend that the trial court's previous order denying the Association's motion for consolidation demonstrated the court lacked continuing jurisdiction over the injunction case.

{¶ 21} The Appellants' argument that the trial court lacked jurisdiction references the court's ruling that denied consolidation of the injunction and lien lawsuits. In summary, on February 12, 2019, the trial court granted the Association's preliminary and permanent injunctions. Approximately seven months later, SK2 filed a complaint seeking discharge of the Association's lien. On November 7, 2019, the Association filed a motion to consolidate the injunction and lien lawsuits. The trial court assigned to the injunction lawsuit found the motion to consolidate was stricken because the "case was disposed on 2/12/2019 and is not an active case." The trial court assigned to the lien lawsuit found the injunction lawsuit was not "a pending action" and could not be consolidated with an active case

pursuant to Civ.R. 42 and Loc.R. 15. Appellants argue that the trial court did not retain jurisdiction over the injunction lawsuit that was "disposed on 2/12/2019" and was not "an active case."

{¶ 22} We do not find the injunction lawsuit's journal entry that stated the case was not active and had been disposed of as dispositive on this issue. We rely on case law that once a trial court issues a permanent injunction on the merits of the claim, the court has continuing jurisdiction to enforce the injunction. *Hosta v. Chrysler*, 172 Ohio App.3d 654, 2007-Ohio-4205, 876 N.E.2d 998, ¶ 32 (2d Dist.); *see* Civ.R. 65(C). Further, the trial court in the injunction lawsuit retained jurisdiction over the matter when it included this language in its February 12, 2019 judgment entry: "This Order shall be immediately effective, and remain in effect until further order from this Court."

{¶ 23} The case law cited by Appellants in support of their argument that the trial court lacked jurisdiction is distinguishable from the instant case. In *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998), the Ohio Supreme Court assessed a writ of prohibition and found that lack of jurisdiction may be raised at any time and any proclamations by a court without jurisdiction are void. The *State ex rel. Jones* Court did not specifically discuss how the disposition of a case may impact a court's jurisdiction, which is the current issue. Further, the Ohio Supreme Court in *John Weenink & Sons Co. v. Court of Common Pleas*, 150 Ohio St. 349, 355-356, 82 N.E.2d 730 (1948), discussed application of the jurisdictional-priority rule that is narrowly applied only where two cases raise the exact same legal

claim or involve resolution of the same issue. *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 157 Ohio St.3d 20, 2019-Ohio-2011, 131 N.E.3d 20, ¶ 14, citing *John Weenink & Sons Co.* at 355-356. The current matter does not address the jurisdictional-priority rule and, therefore, the *John Weenink & Sons Co.* case is not applicable to the instant case.

{¶ 24} Appellants cite *Miller v. Evans*, 5th Dist. Stark No. 2015 CA 00044, 2015-Ohio-4570, for the proposition that filing motions after a case is closed does not reinstate a case and, thus, the court lacks jurisdiction to hear any such subsequent motions. The plaintiff in *Miller* dismissed the complaint pursuant to Civ.R. 41(A)(1) and the defendant voluntarily dismissed the counterclaim thereby divesting the court of jurisdiction. *Miller* at ¶ 16. Here, neither party dismissed the action; the court ruled on the injunctions and retained jurisdiction through its judgment entry.

{¶ 25} In *Safety 4th Fireworks, Inc v. Ohio DOC*, 7th Dist. Jefferson No. 02-JE-19, 2003-Ohio-3477, the parties reached a settlement, dismissed the action, and executed a settlement agreement. Safety 4th Fireworks Inc. subsequently filed a motion to enforce a confidentiality provision that was not part of the settlement agreement. The trial court held a hearing and found in favor of plaintiff. On appeal, the court found the underlying complaint was dismissed with prejudice and not subject to any conditions and, therefore, the trial court lacked jurisdiction to entertain plaintiff's motion. In the instant matter, the parties did not reach a

settlement nor dismiss the action; the court ruled on the injunctions and retained jurisdiction.

{¶ 26} In *State ex rel. Republic Servs. of Ohio II, LLC v. Pike Twp. Bd. of Trustees*, 5th Dist. Stark No. 2005 CA 00045, 2005-Ohio-7119, the parties did not raise the issue of whether a court retains jurisdiction to rule on a motion after disposition of the case. In *Hall v. Silver*, 9th Dist. Summit No. 29445, 2020-Ohio-2810, the court found a municipal court was divested of jurisdiction after it transferred the case to common pleas court. This case is inapplicable here where no court transferred jurisdiction of the underlying matter.

{¶ 27} The cases cited by Appellants do not present similar fact patterns as those in the current matter and are unpersuasive. The trial court had continuing jurisdiction to enforce the injunctions, including jurisdiction to rule on a subsequent motion for attorney fees. Therefore, we overrule Appellants' fifth assignment of error.

{¶ 28} Additionally, while the trial court had jurisdiction to enforce the injunction, the parties had a continuing responsibility to notify the court of any changes in their mailing addresses. *Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d 849. This burden applies to pro se litigants. *Lacy v. State*, 11th Dist. Ashtabula No. 2019-A-0091, 2020-Ohio-3089, ¶ 93; *Bank of N.Y. v. Elliott*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 19 (pro se litigants are required to notify the court of a change of address).

{¶ 29} Here, Appellants only address of record from the time the injunction lawsuit was filed on January 11, 2019, until the trial court's ruling on the Association's motion for attorney fees on January 22, 2021, was the East 9th Street address. The court retained jurisdiction of this matter following its grant of injunctive relief on February 12, 2019. Any subsequent changes to a party's mailing address should have been reported to the court by the Association's attorney of record or by pro se Appellants.[3] *See Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 8th Dist. Cuyahoga No. 110602, 2022-Ohio-380, ¶ 17, citing *Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7, quoting *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22. ("Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel.")

{¶ 30} The trial court did not abuse its discretion when it found Kish and SK2 had the burden to update their addresses with the court. Therefore, Appellants' first assignment of error is overruled.

**Third and Seventh Assignments of Error**

{¶ 31} For ease of discussion, we will address Appellants' third and seventh assignments of error together.

---

[3] No attorney of record appeared on Appellants' behalf until February 1, 2021 — after the trial court granted the Association's motion for attorney fees.

{¶ 32} In their third assignment of error, Appellants argue that the trial court erred when it failed to grant them relief under Civ.R. 60(B)(1) due to their own inadvertence or excusable neglect. However, in their combined motion presented to the trial court, Kish and SK2 argued they were entitled to relief under Civ.R. 60(B)(3) — fraud — because the Association purposely mailed the combined motion to an incorrect address and did not email them the pleading. Kish and SK2 did not argue Civ.R. 60(B)(1) — inadvertence or excusable neglect — at the trial-court level.

{¶ 33} In their seventh assignment of error, Kish and SK2 argue that the trial court erred when it ruled on the combined motion because the motion was held in abeyance. Kish and SK2 never presented this argument in their combined motion.

{¶ 34} As this court has stated:

It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 42[,] fn.6, citing *Shadd v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 107603, 2019-Ohio-1996, ¶ 27 ("Appellants cannot raise an issue for the first time on appeal that they did not raise to the trial court."); *Scott Fetzer Co. v. Miley*, 8th Dist. Cuyahoga No. 108090, 2019-Ohio-4578, ¶ 41 ("A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes."); *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, [¶ 32-33] ("It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court."), citing *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.).

*Stevens*, 8th Dist. Cuyahoga No. 110602, 2022-Ohio-380, at ¶ 66, citing *Spy v. Arbor Park Phase One Assoc.*, 8th Dist. Cuyahoga No. 108819, 2020-Ohio-2944, ¶ 16.

{¶ 35} Because Kish and SK2 failed to raise arguments before the trial court related to a Civ.R. 60(B)(1) motion and erroneously ruling on a motion in abeyance, Appellants cannot raise these arguments for the first time on appeal. Thus, Kish and SK2's third and seventh assignments of error are not properly before this court, and we decline to review them.

{¶ 36} Kish and SK2's third and seventh assignments of error are overruled.

**Second, Fourth, and Sixth Assignments of Error**

{¶ 37} This appeal stems from the trial court's finding that the Association's mailing a copy of the motion for attorney fees to Appellants' last known address and emailing a copy to Kish did not amount to fraud, misrepresentation, or misconduct under Civ.R. 60(B)(3). Appellants' second, fourth, and sixth assignments of error relate to whether the Association intentionally served a copy of the motion for attorney fees to the wrong address. We will address these assignments of error collectively.

{¶ 38} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *Internatl. Total Servs. v. Estate of Nichols*, 8th Dist. Cuyahoga No.

107751, 2019-Ohio-4572, ¶ 7, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Civ.R. 60(B)'s requirements for relief are independent and listed in the conjunctive; therefore, if any of the requirements are not met, the motion for relief must be denied. To prevail on a Civ.R. 60(B)(3) motion, a party must show "fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense * * *." *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 20, citing *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, ¶ 15.

{¶ 39} We review a trial court's ruling on a Civ.R. 60(B) motion for relief under an abuse-of-discretion standard. *Bank of N.Y.*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, at ¶ 25, citing *Benesch, Friedlander, Coplan & Aronoff, LLP v. Software, Inc.*, 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, ¶ 13. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

{¶ 40} Kish and SK2 argued that they had meritorious claims, they were entitled to relief under Civ.R. 60(B)(3), and their motion was made within a reasonable time. The trial court found the Association's service of the motion for attorney fees did not amount to fraud, misrepresentation, or other misconduct under Civ.R. 60(B)(3) and, therefore, denied the motion. The trial court's order did

not discuss the other two prongs of a Civ.R. 60(B) motion: a meritorious claim or timeliness. We review to see if the trial court abused its discretion when it found the Civ.R. 60(B)(3) motion lacked merit.

{¶ 41} As to the claim of fraud, misrepresentation, or other misconduct, Kish and SK2 argued that the Association knew the East 9th Street address was incorrect. According to the Appellants, the Association intentionally tried to prevent Kish and SK2's receipt of the motion for attorney fees by sending it to an incorrect address, failing to send notice to Appellants' attorneys, and failing to email it to the opposing parties. Appellants argued that the lien and Woods' lawsuits reflected the Appellants' correct addresses that the Association used successfully in those lawsuits. Further, Appellants contended the Association knew Appellants were represented by counsel and should have forwarded a copy of the motion for attorney fees to their counsel. The parties participated in mediation of the Woods' litigation the day prior to the filing of the motion for attorney fees. Appellants argued that the Association's counsel should have informed opposing counsel at the mediation hearing about the filed motion. Appellants provided affidavits from Kish and Appellants' counsel in support of their combined motion. In contrast, the Association argued that the motion for attorney fees was served on Appellants at their last known address — the East 9th Street address — and there was no basis for a Civ.R. 60(B)(3) motion.

{¶ 42} Appellants' Civ.R. 60(B)(3) motion related to service of the Association's motion for attorney fees. Where a party complies with the Rules of

Civil Procedure on service, there is a rebuttable presumption of proper service. *Clague Towers Condominium Owner's Assn. v. Heyduk*, 8th Dist. Cuyahoga No. 93283, 2009-Ohio-6649, ¶ 15, quoting *Rafalski v. Oates*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984). The rebuttable presumption may be overcome with sufficient evidence that service was not accomplished. *Clague Towers Condominium Owner's Assn.* at ¶ 15, citing *Rafalski* at ¶ 66.

{¶ 43} According to Civ.R. 5(A), every pleading after the original complaint shall be served on each of the parties. Service should be made either to a party not represented by counsel or the attorney of record. Civ.R. 5(B)(1). A document is served in accordance with the civil rules when it is mailed to the person's last known address. Civ.R. 5(B)(2)(c). A document may also be served by sending it to an email address provided in accordance with Civ.R. 11. Civ.R. 5(B)(2)(f). Civ.R. 5 does not require service by both regular mail and email, but by only one of these methods.

{¶ 44} Here, because Kish and SK2 did not provide the court with an updated address, the Association mailed the motion for attorney fees to the East 9th Street address — the last known address for Kish and SK2 — and emailed the motion to Kish. The Association's compliance with the civil rules on service by regular mail created a rebuttable presumption that proper service occurred. Kish and SK2 attempted to rebut the presumption with affidavits prepared by Kish and Appellants' counsel. Kish's affidavit averred that the Association "never served me or my lawyer with the motion" and the Association "never emailed a copy of the Motion for Attorneys' Fees to me." Kish's affidavit failed to state he did not receive

the motion by mail or email, but that the Association's attorney did not send a copy. The Association's attorney, Kehoe, attested that he sent a copy of the motion for attorney fees to Appellants by regular mail to the East 9th Street address and by electronic mail to an email address previously provided by Kish. Kehoe further averred that the motion sent by regular mail was not returned as undeliverable and he was not aware of the Appellants' change of address until the Appellants filed their combined motion.

{¶ 45} Additionally, counsel for Kish and SK2 provided an affidavit that stated he never received a copy of the motion for attorney fees. A review of the docket indicates there was no counsel of record for Kish or SK2 in the injunction matter until after the trial court granted the Association's motion for attorney fees. "'Until such time as an attorney enters an appearance in the specific case being tried, Civ.R. 5 requires pleadings to be served on the party who is suing or is being sued.'" *Owner-Operator Servs. v. Markovic Transp.*, 3d Dist. Van Wert No. 15-21-02, 2021-Ohio-3785, ¶ 15, quoting *Citibank South Dakota, N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, 862 N.E.2d 576, ¶ 18 (2d Dist.). *See Ervin v. Patrons Mut. Ins. Co.*, 20 Ohio St.3d 8, 484 N.E.2d 695 (1985), syllabus ("For purposes of Civ. R. 5(B), in order that service be effective on a party by serving that party's attorney, the attorney must be an attorney of record in the trial court.") Even though Kish and SK2 were represented by counsel in other lawsuits, there was no obligation that the Association forward the motion for attorney fees to anyone besides the

parties in the injunction lawsuit — Kish and SK2. Accordingly, the Association's service of the motion for attorney fees by regular mail complied with the civil rules.

{¶ 46} "Due process requires that service be '"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."'" *Law Offices of James P. Connors v. Cohn*, 10th Dist. Franklin No. 08AP-1031, 2009-Ohio-3228, ¶ 14, quoting *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The Association reasonably anticipated service of the motion for attorney fees mailed to the East 9th Street address would be received by Kish and SK2. The East 9th Street address was the only address provided by Appellants in the injunction lawsuit. The Association also used the East 9th Street address in the lien lawsuit to serve its new-party complaint. In the Woods' lawsuit, none of the pleadings served on Appellants were filed by Kehoe, the Association's attorney in the injunction lawsuit. Yet we note that the Association's third-party complaint and the journal entries sent by the clerk of courts in the Woods' lawsuit were also directed to the East 9th Street address. We do not find the facts asserted by Appellants — such as SK2's use of the Lake Road address in the lien lawsuit or the Woods' journal entries issued a few days before the motion for attorney fees in the injunction lawsuit was filed that reflect failure of service to the Appellants at the East 9th Street address — change the Association's

reasonable expectation that the motion for attorney fees would be received by Appellants at the East 9th Street address.

{¶ 47} As stated previously, Appellants' second, fourth, and sixth assignments of error relate to their allegations that the Association knowingly served the motion for attorney fees to the incorrect address. Specifically, the second assignment of error argues the trial court erred when it found SK2 could not be served at the Lake Road address because nobody lived at that address. Appellants contend that they received monthly billing statements from the Association at the Lake Road address and, therefore, service should have been made at that address or to the Appellants' attorney. In their fourth assignment of error, Appellants argue the trial court erred when it found Kish listed his address at the Lake Road address in the lien lawsuit. SK2 contends that it, not Kish, filed the lien lawsuit and, therefore, no conclusions about Kish's address could be drawn from the filing of that complaint. In their sixth assignment of error, the Appellants argue that the trial court erred when it found the Association served Kish by email with the motion for attorney fees.

{¶ 48} We find that because the Appellants did not rebut the presumption of proper service by regular mail and the Association reasonably calculated Appellants' receipt of the motion at the East 9th Street address, the second, fourth, and sixth assignments of error lack merit and are overruled. The trial court did not abuse its discretion when it denied the Civ.R. 60(B)(3) motion filed by Kish and SK2.

**{¶ 49}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR